**People of the State of Illinois, Plaintiff-Appellee, v. John Taylor, Defendant-Appellant.**

**Gen. No. 50,595.**

First District, First Division.

April 10, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. James Gildea, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was indicted and found guilty upon a bench trial of the charges of deviate sexual assault and aggravated battery. He was sentenced to the Illinois Penitentiary for a term of one to five years. He prosecutes this appeal raising as his sole point, the failure of the State to bring him to trial within 120 days after he had answered ready for trial.

The facts are not in dispute. Defendant answered ready for trial on October 30, 1964, and at all times subsequent thereto. After several continuances, the case was set for trial on February 25, 1965, and when called on that date it was held for trial. The following day, and within the 120-day period from October 30, 1964, the State filed a written petition with the court, requesting a continuance of 60 days in accordance with the "four term act."

The petition filed by the State sets forth that the physician who had examined the victim had left his former employer, Cook County Hospital; that the State expects to find him and have him testify at the trial; and that the State was exercising due diligence to obtain said witness.

Although the defendant objected to the granting of the petition for extension of time, it was granted by the trial judge. The case was tried March 31, 1965, at which time the physician who was named in the petition testified.

■■■ We fully agree with the defendant that his right to a speedy trial, as guaranteed by the Illinois Constitution, Article II, section 9, is to be jealously guarded. It was to this end that the legislature enacted section 103–5 of the Criminal Code, commonly called the "four term act." However, we find that defendant was properly tried within the time limits set by that section of the code.

Defendant argues that the trial judge should not have granted the State's petition for the allowable extension

7

of time. The Statute clearly provides that "if the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later date the court may continue the cause on application of the State for not more than an additional 60 days." Ill Rev Stats c 38, § 103–5(c) (1963).

It is defendant's position that the mere allegation in the State's petition of "due diligence" is nothing more than a conclusion and no facts are contained therein to support that conclusion. The facts, argues defendant, show not only a lack of due diligence by the State, but negligence. The only fact pointed to is the number of continuances.

■ ■ We do not agree with defendant's position. As was stated in People v. Poland, 22 Ill2d 175, 174 NE 2d 804 (1961):

"The question of whether a continuance should be granted must, of necessity, rest in the discretion of the trial judge, and his action in granting or denying a continuance will not be disturbed unless there has been a clear abuse of discretion."

■ Although the State had been granted several continuances, we do not find that as a matter of law, granting the State's petition here was an abuse of discretion.

■ ■ We also do not agree with the defendant that the State's petition under section 103–5 was insufficient. In People v. Tamborski, 415 Ill 466, 114 NE2d 649 (1953), the Supreme Court held an oral motion for an extension of time beyond the four term act was proper. In the recent case of People v. Canada, 81 Ill App2d 220, 225 NE2d 639, this court considered the same argument, with respect to petition for extensions of time under the four term act, as is presented in the instant case.

8

Section 103–5 of the Code of Criminal Procedure, under which the instant case was tried, is the present codification of Ill Rev Stats (1961), c 38, § 748. We agree with the conclusion of the court in Canada where it stated that a petition for extension of time past the four term act requires:

> ". . . only that the court be satisfied that due exertion has been exercised to obtain the relevant evidence on behalf of the State and that there is reasonable ground to believe that such evidence will be obtained in time for trial at a designated later date not more than sixty days from the time the continuance is granted."

The State properly presented a petition for extension within the time limits of the four term act. Under the circumstances we must assume that the trial court was satisfied and did determine that the State had exercised due diligence in procuring its witness and that there were reasonable grounds to believe he would be produced at a later date.

The trial judge did not abuse his discretion in granting the continuance of less than 60 days and defendant is not entitled to discharge on the ground that he was not tried within the time required by law.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.