**People of the State of Illinois, Plaintiff-Appellee, v. Tommie Knox, Defendant-Appellant.**

**Gen. No. 51,522.**

First District, Second Division.

April 2, 1968.

Earl T. Medansky, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Donald J. Veverka, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant was indicted for murder and voluntary manslaughter. He was tried before a jury, found guilty of voluntary manslaughter and sentenced by the court to the penitentiary for a term of 6 to 12 years. In his appeal, he contends that the trial court erred in failing to dis-

charge him under the four-month statute; that he was not proved guilty beyond a reasonable doubt; that the court erred in allowing certain witnesses to testify; and finally that the sentence imposed was excessive and should be reduced.

The record discloses that defendant was arrested on December 24, 1962. After indictment and arraignment, the case was continued from time to time until March 13, 1963, at which time defendant was granted a change of venue. On that date counsel for defendant told the new trial judge that April 24 "would be an agreeable date with us." When the court announced that the continuance was upon motion of defendant, counsel "wondered" whether it should be by motion of defendant. The court then asked the Assistant State's Attorney whether the order would be by agreement, and the Assistant assented. The matter was continued from time to time until July 1, at which time the State obtained a continuance until July 22. Thereafter, the court denied defendant's motion for a discharge under the four-month statute. On July 22, State moved for a 60-day extension of time beyond the four-month period submitting an affidavit that a material witness was hospitalized and that there was reasonable ground to believe that his presence could be procured at a later date. The court granted the extension, and trial was commenced on September 20. The hospitalized witness died prior to trial. Defendant remained in custody during this time.

██ Where an accused has sought and obtained a continuance within the four-month period or has agreed to such a continuance, the four-month period ceases to run, and the defendant is not entitled to a discharge. People v. Williams, 27 Ill2d 327, 189 NE2d 314 (1963) ; People v. Canada, 81 Ill App2d 220, 225 NE2d 639 (1967). Furthermore, when defendant so agrees, the four-month period starts again from the date to which the case is continued.

People v. Kuczynski, 33 Ill2d 412, 211 NE2d 687 (1965). The record is clear that defendant agreed to the continuance from March 13 to April 24. Consequently, the four-month period was tolled and resumed running from April 24.

██ If the State requests an extension beyond the four-month period of not more than 60 days, the statute requires "only that the court be satisfied that a due exertion has been exercised to obtain the relevant evidence on behalf of the State and that there is reasonable ground to believe that such evidence will be obtained in time for trial." People v. Taylor, 82 Ill App2d 5, 226 NE2d 693 (1967); People v. Tamborski, 415 Ill 466, 114 NE2d 649 (1953). The State's request for an extension on July 22 was timely made and fulfilled the requirements of the statute. Defendant was not entitled to a discharge under the four-month statute.

Defendant next urges that he was not proved guilty of the crime beyond a reasonable doubt.

Certain facts are undisputed. On December 24, 1962, at about 8:00 p. m., defendant shot and killed William Brooks in the washroom of a tavern in Chicago. Defendant fled the scene, but later that evening surrendered to police. Defendant entered the washroom of the tavern and, as he was leaving a few minutes later, pulled a gun out of his pocket and shot the decedent. The doorway from the washroom was open and unblocked.

In addition to those undisputed facts, Marvin Funville testified that, as defendant was leaving the washroom, he turned while in the doorway and shot the decedent. He also testified that he did not hear decedent say anything to defendant, and that he saw no weapon in the hands of the decedent.

The police officer who first came to the scene testified that he saw no knife in the hands of the decedent and that no knife was found in the area. The police officer who investigated the incident testified that nothing was

said to him about the decedent having the knife, and that no knife was found. He also testified that defendant told him he had thrown the gun into a river after the occurrence.

Decedent's brother testified that he never knew the decedent to carry a knife. Decedent's employer Jacob Schwartz testified over objection as to decedent's good reputation at work.

For the defense, Ben Lee and George Rogers testified that defendant shot decedent after he said "what the hell you got to do with it" to the defendant and started towards him with a knife in his hand. Ben Lee and another witness LeRoy Alexander testified that they had not seen Marvin Funville at the tavern that evening.

Defendant testified that he shot Brooks because he screamed at him and came towards him with a knife. He also testified that he lost the gun, and denied telling the police officer he had thrown the gun in the river.

■ It is fundamental that the credibility of witnesses and the weight to be given their testimony is for the jury, and the reviewing court will not substitute its judgment for that of the jury merely because the evidence is conflicting, unless guilt has not been established beyond a reasonable doubt. People v. Anderson, 30 Ill2d 413, 197 NE2d 24 (1964); People v. Paulson, 80 Ill App2d 44, 225 NE2d 424 (1967). The testimony of the State's witness was that defendant stood in the doorway and shot the decedent without any cause. Even if the triers of fact rejected that testimony and believed that defendant acted in defense of his person, the use of deadly force is lawful only if defendant reasonably believed that such force was necessary to prevent imminent death or great bodily harm. Ill Rev Stats c 38, § 7–1. People v. Millet, 60 Ill App2d 22, 208 NE2d 670 (1965). In view of the circumstances of this occurrence, the number of people in the washroom and the easy egress, there was ample evidence for the jury, even if they believed that defendant

acted in self-defense, to determine that defendant's conduct was unreasonable. There was sufficient evidence to establish guilt, and we will not disturb the verdict.

Defendant next urges that it was error to allow the witness Schwartz to testify because his name was not included on the list of witnesses, and because his testimony was improper. It is well settled that it is within the sound discretion of the court to allow a witness to testify, even though his name was not on the list of witnesses, and that discretion will not be disturbed on review unless defendant has shown prejudice or surprise. People v. Hopkins, 29 Ill2d 260, 194 NE2d 213 (1963). In the instant case, when the State indicated their intention to call a witness whose name had not been furnished to defendant, the court recessed so that defense counsel might interview Schwartz. There was no surprise, and defendant has shown no prejudice.

Defendant also urges that Schwartz's testimony as to decedent's reputation was improper because it was offered during the State's case in chief rather than in rebuttal. The employer testified only after defense counsel had attacked the character of the decedent on cross-examination of two State witnesses. In view of the elicitation of evidence of decedent's character by defendant, it was not necessary for the State to wait until the defense had rested to offer the testimony of the employer.

There is no merit in defendant's contention that it was error to allow Marvin Funville to testify since his address as given by the State on its list of witnesses was incorrect. Funville testified without contradiction that he resided at the address provided on the list of witnesses. Further, the statute provides only that the State submit the name and last known address of the proposed witness.

Finally, defendant urges that the sentence of 6 to 12 years was excessive and should be reduced. While it is true that the 24-year-old defendant had no prior criminal record, yet armed with a gun he took the life of

another. The sentence is well within the statutory limits. As was stated in People v. Valentine, 60 Ill App2d 339, 208 NE2d 595 (1965), at page 356:

"We believe the power to reduce sentences should be used with caution and that a sentence imposed by the trial judge, who sees the defendant and is in a far better position to appraise him and to evaluate the likelihood of his rehabilitation than a reviewing court, should not be reduced unless there are substantial reasons for doing so."

For the foregoing reasons, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

BURKE, P. J. and LYONS, J., concur.