(No. 41481.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EDWARD JAMES, Appellant.

*Opinion filed September 22, 1970.*

WARD, J., took no part.

ARTHUR M. SCHELLER, JR., of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and MICHAEL GOLDSTEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Edward James, after a 1962 jury trial in the then criminal court of Cook County, was convicted of the offense of rape and sentenced to imprisonment in the penitentiary for a term of not less than 15 nor more than 25 years. On writ of error, the judgment of conviction was affirmed by the Appellate Court for the First District. (62 Ill. App. 2d 225.) Subsequently, defendant filed a petition in the circuit court of Cook County under the provisions of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, ch. 38, pars. 122—1 et seq.), contending that certain of his constitutional rights were violated in connection with the mechanics of his sentencing. On motion of the State, the petition was dismissed, and this direct appeal is from that judgment of dismissal. 43 Ill.2d R. 651.

The record before us, which includes the report of proceedings of defendant's trial, indicates that the offense for which defendant stands convicted occurred on July 26, 1961, prior to the January 1, 1962, effective date of the Criminal Code of 1961. However, since defendant's jury

trial occurred subsequent to the effective date of the Criminal Code, he was entitled, upon conviction, to be sentenced either under the law in effect at the time of the offense (Ill. Rv. Stat, 1959, ch. 38, par. 801), calling for the fixing of the punishment by the jury as a part of its verdict, or the law at the time of the trial (Ill. Rev. Stat. 1961, ch. 38, par. 1—7(e)), specifying a sentence for an indeterminate term to be fixed solely by the court upon the return of the jury's verdict finding the accused guilty of the offense charged. (See *People* v. *House,* 73 Ill. App. 2d 345; Ill. Rev. Stat. 1961, ch. 131, par. 4.) In this connection, insofar as it appears from the record of the proceedings which resulted in defendant's conviction, nothing was said during defendant's trial relating to the alternative sentencing procedures until after the jury had been discharged, which of course precluded defendant from being sentenced under the former law even if he so desired. Thus, only after the jury had returned a guilty verdict and been discharged did the court conduct an inquiry concerning defendant's preference as to sentencing procedure. The record shows that the court then advised defendant that under the law at the time of the offense "the sentence was determinative," whereas under the law at the time of trial it would be indeterminate. Defendant thereupon, and apparently after having consulted with his counsel, chose to be sentenced under the law in effect at the time of the trial. There is nothing in the record indicating that defendant was ever specifically advised that under the prior sentencing procedure, the extent of punishment was fixed by the jury.

Based on the foregoing circumstances defendant asserts that he was given no meaningful choice as to the manner of his sentencing; that he was unaware at the time of the trial that he could have been sentenced by the jury; and that if he had been fully apprised by the court of his rights concerning sentencing before the jury retired from the bar for its deliberation, he would have chosen to be sentenced under

the law in existence at the time of the offense, *i.e.,* by the jury. As a result, defendant claims, he was denied his constitutional right to due process of law.

As we have already seen, defendant, after his conviction and sentence, sought and obtained appellate review thereof. The appellate court, after due discussion of the issues presented to it by defendant, affirmed his conviction. Clearly, the question sought to be posed here could have been raised in those appellate proceedings. The record before the appellate court contained the entire report of the proceedings which occurred during defendant's trial, and afforded him exactly the same basis for making an argument on the sentencing question as he has here. He nonetheless did not interpose the issue before the appellate court. Under such circumstances, all contentions with regard thereto are deemed waived. We have heretofore consistently held that where a convicted person has appealed from the judgment of conviction, the judgment of the reviewing court makes *res judicata* all issues actually decided by that court and all issues which could have been presented to that court and which were not are considered to have been waived. (*People v. Price,* 44 Ill.2d 332, 333; *People v. Hill,* 44 Ill.2d 299; *People v. Kamsler,* 39 Ill.2d 73, 74; *People v. Jennings,* 411 Ill. 21, 25.) While we have relaxed the operation of the waiver rule in cases where fundamental fairness so requires (*e.g., People v. Hamby,* 32 Ill.2d 291), we see no reason to do so here, where defendant has had a full opportunity to present the matter to an appellate tribunal but has nonetheless failed to do so and now seeks at this late date to raise the contention for the first time in this post-conviction proceeding.

No further questions being raised herein, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.