THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE MORRIS, Defendant-Appellant.

(No. 54538;

First District—September 2, 1971.

Leonard Karlin, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James H. Feldman, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant was charged with murder and armed robbery. After a trial without a jury he was found guilty of both crimes. He was sentenced to terms of 25 to 35 years for each offense, the sentences to run concurrently. On appeal he contends that the trial court erred in failing to discharge him under the Four Term Act, and that the court erred in finding him guilty of murder under the felony-murder doctrine.

The record discloses that defendant was arrested on December 3, 1968, and held without bail until his trial on May 9, 1969. On March 31, 1969, the day preceding the expiration of the fourth term, the State petitioned the court for a 60-day extension because of the unavailability of three material witnesses. The petition recited that the witnesses were police officers, that the State had attempted unsuccessfully to locate them, but believed that they could be produced at a later date. Over defendant's objection, the court allowed a 60-day extension, and subsequently denied defendant's motion to dismiss under the Four Term Act.

Defendant argues that the trial court improperly granted the State's request for a 60-day extension. He contends primarily that the court was obliged to conduct an evidentiary hearing with cross-examination and submission of proof before it could allow the prosecution's request.

■■ The pertinent statute then in effect, Ill. Rev. Stat. 1967, ch. 38, par. 103—5, provided in part as follows:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *

(b) * * *.

(c) If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days."

The issue of whether the State will be allowed an extension of time under the Four Term Act to secure material evidence rests in the sound discretion of the trial court, and its action in allowing or denying a continuance will not be disturbed unless there has been a clear abuse of that discretion. *People v. Jones* (1969), 76 Ill.App.2d 186, 221 N.E.2d 771, *People v. Knox* (1968), 94 Ill.App.2d 36, 236 N.E.2d 384.

■■ The instant application for an extension complied with all of the requirements of the statute. It stated that the prosecution had exercised diligence in seeking to produce named witnesses whose testimony would be material to the issues at trial. The petition also recited that there existed reasonable grounds to believe that the witnesses could be produced at a later date. Neither the statute nor case law require that the trial court conduct an evidentiary hearing before granting or denying a prosecution request for an extension of time. The trial judge determined that the State was entitled to the additional time, and, under the facts and circumstances, that determination was proper. Nor are we persuaded that a different standard should apply when the proposed witnesses named in the State's petition are police officers. Defendant was not entitled to a discharge under the Four Term Act.

Defendant next argues that he was improperly found guilty of murder under the felony-murder doctrine. The pertinent facts are as follows.

On December 2, 1968, Albert Valenzuela, Emmett Hudson and defendant entered and robbed the patrons of a Chicago restaurant. All three men were armed with guns. While the robbery was in progress, Willie Phelps entered the restaurant. Valenzuela approached him and demanded his wrist watch. When Phelps refused, a struggle ensued. Three shots were fired, and according to expert testimony, all were fired from Valenzuela's gun. Both Phelps and Valenzuela were shot, and Valenzuela died as the result of his wounds.

The Illinois Statute, Ill. Rev. Stat. 1967, ch. 38, par. 9—1(a)(3), de-

fines felony-murder as follows: (a) A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death: \* \* \* (3) He is attempting or committing a forcible felony other than voluntary manslaughter."

■■■ Where two or more defendants have a common design to commit an unlawful act, any act done by any of them in furtherance of the common design is the act of all and all are equally guilty of whatever crime is committed. *People v. Nowak* (1970), 45 Ill.2d 158, 258 N.E.2d 313. Where the killing of a third person is committed during the perpetration of a forcible felony, all participants in the felony are deemed equally guilty of murder. *People v. Armstrong* (1968), 41 Ill.2d 390, 243 N.E.2d 825. Under the felony-murder doctrine, it is immaterial whether the killing of the third person is intentional, accidental or committed by a co-felon without connivance of the defendant. *People v. Weber* (1948), 401 Ill. 584, 83 N.E.2d 297. In Illinois robbers were found guilty of murder when the victim's brother, while trying to prevent the felony, killed his brother. *People v. Payne* (1935), 359 Ill. 246, 194 N.E. 539. On the other hand, in *People v. Garippo* (1920), 292 Ill. 293, 127 N.E. 75, during a robbery in which defendant was one of the perpetrators, one of his co-felons was killed. The court held that since it was not proved beyond a reasonable doubt that the deceased had been killed by one of his co-felons, defendant could not be convicted of felony-murder. However, the precise issue presented in the instant case, one of first impression in Illinois, is whether the felony-murder doctrine is applicable against a surviving felony when a co-felon is justifiably killed during the commission of a forcible felony.

While Illinois has not considered the issue before, several other States have had occasion to decide the question. In a now famous decision, a majority of the Supreme Court of Pennsylvania reversed an earlier holding, and ruled that surviving felons were not guilty of murder when their confederate was killed during the commission of a felony. *Commonwealth v. Redline* (1958), 391 Pa. 486, 137 A.2d 472. In so holding, the court said:

"In the present instance, the victim of the homicide was one of the robbers who, while resisting apprehension in his effort to escape, was shot and killed by a policeman in the performance of his duty. Thus, the homicide was justifiable and, obviously could not be availed of, on any rational legal theory, to support a charge of murder. How can anyone, no matter how much of an outlaw he may be, have a criminal charge levied against him for the consequences of the lawful conduct of another person? The mere statement of the question carries with it its own answer."

The court also held that in order to comply with the requirements of the felony-murder doctrine, it was necessary "to show that the conduct causing death was done in furtherance of the design to commit the felony. Death must be a consequence of the felony * * * and not merely coincidence."

Although a majority of the California Supreme Court recently held that a surviving felon could be prosecuted for murder when an accomplice was killed by someone resisting the felony attempt, *Taylor v. Superior Court* (1970), 3 Cal.3d 578, 477 P.2d 131, the great majority of those jurisdictions which faced the same issue have followed the *Redline* decision. A majority of the Michigan Supreme Court expressly approved and adopted *Redline* in holding that two surviving felons could not be charged with murder after their accomplice was shot and killed by the intended victim. *People v. Austin* (1963), 370 Mich. 12, 120 N.W.2d 766. See also: *People v. Wood* (1960), 8 N.Y.2d 48, 167 N.E.2d 736; *Commonwealth v. Balliro* (1965), 349 Mass. 505, 209 N.E.2d 308; *State v. Schwensen* (1964), 237 Ore. 506, 392 P.2d 328; *State v. Garner* (1959), 238 La. 563, 115 So.2d 855.

■■ We believe that the reasoning in *Redline* is sound, and we elect to follow its principle. In order to meet the requirements of the felony-murder doctrine, it is necessary that the conduct causing death was an act done in furtherance of the common design to commit a forcible felony. In the instant case, the death of Valenzuela occurred during a struggle with an innocent third person, and was not such an act. We conclude that under such facts and circumstances, defendant as a surviving felon was not guilty of murder.

Accordingly, the judgment of conviction for armed robbery is affirmed. The judgment of conviction for murder is reversed.

Affirmed in part and reversed in part.

DEMPSEY and McGLOON, JJ., concur.