THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EMMETT HUDSON (Impleaded), Defendant-Appellant.

(No. 54525;

First District—August 8, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Michael Weininger and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and George Pappas, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Defendant Hudson was convicted of armed robbery and murder. A co-defendant, Clarence Morris, was convicted in the same trial. Both defendants appealed the convictions. The murder conviction of Morris was reversed and the robbery conviction affirmed. (*People v. Morris*, 1 Ill.App.3d 566.) After the reversal of the co-defendant's conviction, the defendant obtained leave of court to file a supplemental brief based on the court's findings in the *Morris* case. Four points are raised by this appeal:

(1) Defendant was denied effective assistance of counsel;

(2) It was error to admit defendant's confession in that the State omitted the names of witnesses to the confession, and it failed to produce all the witnesses to the confession or explain their absence;

(3) Defendant was denied a fair trial on the basis of certain hearsay evidence;

(4) The murder conviction of defendant should be reversed on the basis of the Appellate Court's findings in *People v. Morris, supra.*

The facts follow.

At 4:00 A.M., on December 2, 1968, three men entered the Adams Open Kitchen restaurant soon after it opened. The men [who were recognized by the proprietor from previous visits] went to different areas of the restaurant and one of them announced a "stick-up." At that time a customer, Willie Phelps, entered and sat at the counter. Albert Valenzuela, one of the robbers, attempted to take Phelps' watch. When Phelps resisted, Valenzuela drew his gun, and the two men struggled. Several shots were fired and both Phelps and Valenzuela were wounded. [Phelps testified that one of the other co-defendants was in the room at the time of the struggle and that he had his gun drawn.] The robbers left, taking with them the wounded Valenzuela, who was later found dying in a nearby alley where his companions had left him.

Defendant contends that he was denied effective assistance of counsel because the trial commenced only two days after his attorney entered the case, and that his counsel had insufficient time to consult with him, present pre-tiral motions and prepare for trial. He argues that there were numerous instances in which defense counsel could have done better if there had been more time for preparation.

In *People v. Washington*, 41 Ill.2d 16, at page 22, the Supreme Court of this State quoted from *United States ex rel. Feeley v. Ragen*

(7th cir.), 166 F.2d 976, which established the following standard for determining whether retained counsel is competent:

"If the action of counsel in the presence of the court in the conduct of the trial reduces the trial to a travesty on justice, such conduct might be considered on the proposition that such a trial was a denial of due process. The conduct of counsel in the trial of a case is that of only one of the officers of the court whose duty it is to see that the defendant receives a fair trial. He is only one of the actors in the drama. The best of counsel makes mistakes. His mistakes, although indicative of lack of skill or even incompetency, will not vitiate the trial unless on the whole the representation is of such low caliber as to amount to no representation and to reduce the trial to a farce."

We have examined the record, particularly the tactical errors complained of by defendant, and do not find them to be of such serious nature as to require reversal.

■■ Defendant contends that the trial court committed error in admitting in evidence certain hearsay testimony of the State's witness, Edward Hogan, a Catholic Brother at Mount Carmel High School. He testified that on the morning of the robbery, he heard a racket in a nearby alley. When he looked out he saw several young men behind a car. After a time they got back into the car and drove away, leaving the wounded Valenzuela lying in the alley. The witness further testified that Valenzuela called out for somebody by the name of Emmett to come and help him. Defendant contends that Brother Hogan's testimony was prejudicial because the court must have known that his first name was Emmett. The record discloses that defendant made no objection to this testimony, and he cannot now charge error in that respect.

■■ Defendant argues that on the basis of *People v. Morris, supra,* his conviction for murder must be reversed. In that case, the Third Division of this court found that on the basis of stipulated expert testimony, the shot which killed Valenzuela came from his own gun, thus indicating that he was killed in the struggle with Phelps. After a review of the record we have reached the same conclusion.

In *Morris,* the court reviewed the authorities and found that a majority of the jurisdictions considering the question have held that a surviving felon cannot be prosecuted for murder under the felony-murder doctrine where an accomplice is killed by someone resisting the felony attempt. The basis of these decisions is that it must be shown "that the conduct causing death was done in furtherance of the design to commit the felony. Death must be a consequence of the felony * * * and not merely coincidence." *Commonwealth v. Redline,* 391 Pa. 486. In *Morris* the court said at page 570:

"We believe that the reasoning in *Redline* is sound, and we elect to follow its principle. In order to meet the requirements of the felony-murder doctrine, it is necessary that the conduct causing death was an act done in furtherance of the common design to commit a forcible felony. In the instant case, the death of Valenzuela occurred during a struggle with an innocent third person, and was not such an act. We conclude that under such facts and circumstances, defendant as a surviving felon was not guilty of murder."

Section 114—10 of the Criminal Code provides that upon timely motion by defendant the State must supply him with a list of all witnesses to statements made by him. Defendant contends that the trial court committed error in admitting into evidence testimony regarding defendant's confession where the State had omitted the names in its list of witnesses and failed to produce all the witnesses to the confession or to explain their absence.

■■ A violation of this section has been found to be harmless error where the facts have been established by other competent evidence, particularly where the evidence when viewed in its totality is conclusive as to defendant's guilt. (*People v. Burks*, 60 Ill.App.2d 451.) In the instant case defendant was identified by three eyewitnesses, all of whom had ample opportunity to observe him during the commission of the crime. This, together with other facts, leads us to believe that there was sufficient evidence besides the confession to prove defendant's guilt beyond a reasonable doubt.

Accordingly, the conviction for murder is reversed and the conviction for robbery is affirmed.

Affirmed in part and reversed in part.

McGLOON, P. J., and LEIGHTON, J., concur.