(No. 42479.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. WALTER RADFORD, Appellant.

*Opinion filed November 30, 1972.*

WARD, J., took no part.

TERRENCE K. HEGARTY, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JAMES R. TRUSCHKE, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Walter Radford, appeals from the judgment of the circuit court of Cook County dismissing without an evidentiary hearing his amended petition for relief filed under the Post-Conviction Hearing Act. Ill.Rev.Stat. 1965, ch. 38, par. 122—1 *et seq.*

The record shows that on May 22, 1963, and on July 9, 1963, following pleas of guilty to indictments charging petitioner with the offense of conspiracy, he was placed on probation for a period of five years. In each instance the conspiracy involved the presentation of false claims for personal injuries.

Subsequent to being admitted to probation petitioner was convicted of conspiracy (*People v. Radford, 81 Ill.App.2d 417*), and of theft and conspiracy (*People v. Radford, 87 Ill.App.2d 308*), but in the second case the judgment based on the conspiracy count was reversed. These cases also involved spurious personal injury claims and the injuries upon which the claims were based were intentionally inflicted on the claimants, in one instance on March 22 and in the other on May 16, 1963. While the appeals were pending, petitioner was found to be in violation of his probation, and upon revocation of probation he was sentenced to terms in the penitentiary to be served consecutively to those imposed in the two cases in which the appeals were taken.

In his amended post-conviction petition petitioner alleged, and he contends on appeal, that the revocation of his probation was based on misconduct which occurred prior to the time that he was placed on probation. He argues that revocation can result only from actions occurring subsequent to the time of his being admitted to probation and that the revocation resulted in his being deprived of substantial constitutional rights.

It is true that in each instance the injury to the claimant in the spurious personal injury cases was inflicted prior to the time that petition was admitted to probation. However, in one instance the settlement in which Radford shared was effected, and in the other a suit was filed, subsequent to the time that he was placed on probation. Under these circumstances the record presents only the question of whether a condition of petitioner's probation was violated within the contemplation of section 117—3(d) of the Code of Criminal Procedure. Ill.Rev.Stat. 1965, ch. 38, par. 117—3(d).

The allegedly erroneous interpretation of a statute does not result in the substantial denial of constitutional rights for which the Post-Conviction Hearing Act provides a remedy. (*People v. Clark, 48 Ill.2d 554; People v. Fuca, 43 Ill.2d 182.*) There is no basis here for post-conviction

relief and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.