THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY McGAHA, Defendant-Appellant.

(No. 57412;

First District (5th Division)—March 30, 1973.

James J. Doherty, Public Defender, of Chicago, (Stanley Sacks, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Cary Lind, and Robert C. Samko, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Defendant was convicted, after a jury trial, of robbery and the possession of marijuana and sentenced to concurrent terms of five to ten years. On appeal he contends that the drug conviction is invalid and that the sentence on the robbery charge is excessive or in the alternative that the sentence on the robbery charge be vacated and the cause remanded for a new hearing in aggravation and mitigation and for resentencing.

Defendant grabbed a purse from a Mrs. Wooten, ran to his car and drove it away followed by a police squad car. Defendant's car crashed into a caisson several blocks away and after a short foot chase defendant was apprehended. The purse was found in defendant's automobile and

a search revealed two small envelopes containing 3.15 grams of marijuana.

■■ The State agrees that under the decision of *People v. McCabe*, 49 Ill.2d 338, 275 N.E.2d 407, the judgment and sentence on the charge of possession of marijuana must be reversed.

As to defendant's contention that the sentence on the robbery charge was excessive, he argues that since he was tried jointly on that offense and the invalid marijuana charge, the severe sentence he received resulted from the court's simultaneous consideration of the marijuana charge and his conviction thereunder. He also questions the prejudicial effect of a prior "supervision" on another marijuana possession charge.

In *United States v. Tucker*, 404 U.S. 443, 448, the court stated that if the trial court had been aware of the constitutional infirmity of two of the respondent's prior convictions, "the factual circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding." The cause was remanded to the trial court for resentencing.

■■ We therefore vacate the sentence on the robbery charge and remand the cause with directions to hold a new hearing in mitigation and aggravation and thereafter to resentence the defendant.

We will not consider a reduction of sentence since we believe the trial court in this case will be in a better position to impose proper punishment.

The marijuana conviction is reversed.

Reversed in part; sentence on robbery charge vacated and cause remanded for resentencing.

ENGLISH and LORENZ, JJ., concur.