THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.*
EMMETT HUDSON, Petitioner-Appellant.

First District (5th Division)    Nos. 76-207, 77-1789 cons.

Opinion filed October 27, 1978.

Ralph Ruebner and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Carol A. Kearney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Defendant was convicted of murder and armed robbery and sentenced to two concurrent terms of 25 to 50 years in the penitentiary. On appeal, the murder conviction was reversed. Defendant then filed a petition for a post-conviction hearing in the trial court asking for a reduction in sentence on the armed robbery conviction. After a hearing, the court granted the State's motion to dismiss the post-conviction petition. Defendant's appeal raises two issues: (1) whether his failure to contest the sentence on the armed robbery conviction constitutes a waiver of that issue, and (2) whether he properly asserted a substantial denial of a

constitutional right in his post-conviction petition. We reverse and remand.

The facts of this case have been discussed in earlier appeals (*People v. Morris* (1971), 1 Ill. App. 3d 566, 274 N.E.2d 898; *People v. Hudson* (1972), 6 Ill. App. 3d 1062, 287 N.E.2d 41) and need not be discussed with great particularity for the purposes of this appeal. During the course of an armed robbery of a restaurant, one of defendant's co-felons was shot and killed in a struggle with a customer. The trial court found defendant guilty for the murder of his co-felon under the felony-murder doctrine. The appellate court reversed on the grounds that the act causing the death of the co-felon was not done in furtherance of the commission of the felony. (*People v. Hudson* (1972), 6 Ill. App. 3d 1062, 287 N.E.2d 41.) In that appeal defendant did not raise and, therefore, the court did not decide the question of reducing sentence on the armed robbery conviction.

Defendant first raised an issue concerning sentence reduction in his petition for a post-conviction hearing. He alleged that the sentence rendered by the trial court had been unduly influenced by the murder conviction and had resulted in a sentence which was excessive and constituted a cruel and unusual punishment in violation of the eighth amendment of the United States Constitution. On the State's motion, the trial court rejected defendant's request for a full evidentiary hearing and dismissed his petition.

OPINION

The Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*) provides a new proceeding for the determination of constitutional questions which have been raised by the original conviction and which have not already been adjudicated elsewhere. Generally, an issue will have been adjudicated if raised and decided on direct appeal. (*People v. Partin* (1977), 69 Ill. 2d 80, 83, 370 N.E.2d 545, 547; *People v. Murphy* (1977), 46 Ill. App. 3d 940, 941, 361 N.E.2d 592, 594.) Additionally, those issues which could have been raised on the appeal, but were not, are deemed waived. (*People v. James* (1970), 46 Ill. 2d 71, 74, 263 N.E.2d 5, 7; *People v. Smith* (1977), 56 Ill. App. 3d 569, 571, 371 N.E.2d 921, 923.) However, courts have often avoided the waiver rule on the basis of fundamental fairness. (*People v. Brown* (1972), 52 Ill. 2d 227, 287 N.E.2d 663; *People v. Hollins* (1972), 51 Ill. 2d 68, 280 N.E.2d 710; *People v. Roberts* (1978), 56 Ill. App. 3d 667, 372 N.E.2d 143; *People v. Beasley* (1977), 54 Ill. App. 3d 109, 369 N.E.2d 260.

In the present case, defendant has appealed and has been successful in obtaining a reversal of his murder conviction. However, during the

appeal, he failed to raise any issue concerning a sentence reduction on his armed robbery conviction. The State contends that since this issue could have been raised, but was not, it is waived. We disagree and base our decision on fundamental fairness interests which are present in this case.

An appellate court can decide only those issues which could have been raised on appeal; it cannot decide issues which were not ripe at the time of appeal. In *People v. James* (1970), 46 Ill. 2d 71, 263 N.E.2d 5, the court noted, in rejecting a fundamental fairness claim, that:

"Clearly, the question sought to be posed could have been raised in those appellate proceedings. The record before the appellate court contained the entire report of the proceedings which occurred during defendant's trial, and afforded him exactly the same basis for making an argument on the sentencing question as he has here." 46 Ill. 2d 71, 74, 263 N.E.2d 5, 6.

In the present case, it was possible to raise the sentencing question on the first appeal. (*People v. Guppy* (1975), 30 Ill. App. 3d 489, 333 N.E.2d 576; *People v. McGaha* (1973), 10 Ill. App. 3d 1051, 295 N.E.2d 476.) However, since that first appeal, there has been a significant addition to the report of proceedings which compels us to decide that the waiver rule is inapplicable here. The record of the hearing on the State's motion to dismiss defendant's post-conviction petition contains several statements by the trial court judge that he would not have sentenced defendant to a term of 25 to 50 years on the armed robbery conviction if defendant had not been convicted of murder. He said that he felt that it was an excessive punishment to sentence a young man of defendant's age to 25 to 50 years for armed robbery. He admitted that it was cruel. Although a later comment of the judge indicated that he was also influenced in his sentencing by the fact that a man was dead, he added, "[what] I would have given, I can't tell you at that time, but it wouldn't have been 25 to 50."

■■ We believe that these comments present defendant's argument in a different light than if he had raised this issue on the first appeal. We do not think that it would be fundamentally fair to say that this issue has been waived. We, therefore, hold that the issue of sentence reduction on the armed robbery conviction was not waived because of defendant's failure to contest the sentence at the first appeal.

The second issue raised in this appeal is whether defendant has properly asserted a substantial denial of a constitutional right in his post-conviction petition. The relief provided by the Post-Conviction Hearing Act is limited to substantial constitutional errors which occurred at the proceedings which resulted in the conviction. (Ill. Rev. Stat. 1971, ch. 38, par. 122—1; *People v. Radford* (1972), 53 Ill. 2d 120, 290 N.E.2d 212.) The petition for a post-conviction hearing must clearly state the alleged constitutional errors which occurred at trial. (Ill. Rev. Stat. 1971, ch. 38,

par. 122—2.) The allegations must be more than mere conclusions in order to require an evidentiary hearing. *People v. Smalley* (1975), 33 Ill. App. 3d 677, 338 N.E.2d 193; *People v. Hudson* (1973), 10 Ill. App. 3d 996, 295 N.E.2d 585.

■■ Defendant alleges in his post-conviction petition that the sentence imposed for the armed robbery conviction was unduly influenced by the court's consideration of the murder conviction which was later reversed. Although not labelled as such, we find that this allegation makes out a claim of a due process violation.

A similar claim was made in *People v. Logan* (1976), 39 Ill. App. 3d 656, 350 N.E.2d 40, *cert. denied* (1977), 430 U.S. 956, 51 L. Ed. 2d 807, 97 S. Ct. 1603. In *Logan*, the trial court had considered defendant's prior convictions for armed robbery and intimidation in determining sentence on a present armed robbery conviction. Sometime after sentencing, the prior convictions were reversed on *pro forma* grounds. In rejecting defendant's due process claim, the *Logan* court held that the consideration at sentencing of a prior conviction was not a violation of due process unless it was set aside on constitutional grounds. *People v. Logan* (1976), 39 Ill. App. 3d 656, 659, 350 N.E.2d 40, 42. See also *People v. Riley* (1976), 40 Ill. App. 3d 679, 353 N.E.2d 40; *People v. Chellew* (1974), 20 Ill. App. 3d 963, 313 N.E.2d 284.

■■ In the present case, defendant's murder conviction was reversed on grounds that the felony-murder doctrine did not apply since the act which caused the death of defendant's co-felon was not committed in furtherance of the armed robbery. In effect, the court's decision amounted to a finding that there was no evidence to support a finding of felony-murder. When there is no evidence to support a conviction, an accused's due process rights have been violated. (*Gregory v. City of Chicago* (1969), 394 U.S. 111, 112, 22 L. Ed. 2d 134, 136, 89 S. Ct. 946, 947; *United States ex rel. Hubbard v. Cannon* (N.D. Ill. 1975), 403 F. Supp. 675, 677; *People v. Johnson* (1976), 37 Ill. App. 3d 328, 330, 345 N.E.2d 531, 533.) Therefore, we find that the reversal of defendant's murder conviction constituted a reversal on due process grounds. We further find that consideration of defendant's murder conviction in sentencing was a violation of due process since the conviction was set aside on due process grounds.

The State maintains that even if defendant has complied with the requirements of the *Logan* decision, he has waived his right to a post-conviction hearing on the due process grounds by his failure to expressly raise the issue anywhere in his petition. (Ill. Rev. Stat. 1971, ch. 38, par. 122—3.) The State contends that the only issue properly before the trial court was a claim that the sentence was cruel and unusual in violation of the eighth amendment. We disagree.

Although it is true that defendant has not expressly labelled his claim as a due process claim, we do believe that he has made sufficient allegations. We do not think that the Post-Conviction Hearing Act should be construed so strictly as to deny defendant a fair hearing or defeat the remedial purposes of the Act. (*People v. Williams* (1970), 47 Ill. 2d 1, 264 N.E.2d 697; *People v. Reeves* (1952), 412 Ill. 555, 107 N.E.2d 861.) In defendant's petition, he states the facts of the reversal on the murder conviction and makes the proper allegation that the court was unduly influenced by the murder conviction. We think that his failure to expressly allege a due process claim ought not detract from his sufficient compliance with the requirements of the Post-Conviction Hearing Act.

Furthermore, we stress the fact that the allegations could not have been more complete until the trial court had conducted its hearing on the State's motion to dismiss defendant's post-conviction petition. Up until that time, defendant did not have any concrete evidence that the court was influenced in its sentencing by the murder conviction. After the hearing, the defendant had very definite evidence in the form of the trial judge's own statements. For these reasons, we hold that defendant has properly asserted a substantial denial of due process in his post-conviction hearing.

Accordingly, we reverse and remand the trial court's order granting the State's motion to dismiss with instructions that defendant be given a full evidentiary hearing on the issue of a denial of due process. If the court should find such a denial then the court must decide whether a reduction of sentence would be proper. We express no opinion on the appropriateness of reduction of sentence in this case, but we note that the Post-Conviction Hearing Act gives the trial court the power to review the sentence. Ill. Rev. Stat. 1971, ch. 38, par. 122—6; *People v. Dennis* (1975), 28 Ill. App. 3d 74, 328 N.E.2d 135; *People v. Chellew* (1974), 20 Ill. App. 3d 963, 313 N.E.2d 284.

Reversed and remanded.

LORENZ and MEJDA, JJ., concur.