UNITED STATES of America ex rel.
Ronnie Lee CUNNINGHAM,
Petitioner-Appellant,

v.

Richard DeROBERTIS, Warden,
Stateville Correctional Center,
Respondent-Appellee.

No. 81–2552.

United States Court of Appeals,
Seventh Circuit.

Submitted July 19, 1983.*

Decided Aug. 10, 1983.**

Opinion Oct. 26, 1983.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R. App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and the record.

** This appeal was originally decided by unreported order on August 10, 1983. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

Ronnie Lee Cunningham, pro se.

Jack Donatelli, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before CUMMINGS, Chief Judge, and PELL and COFFEY, Circuit Judges.

CUMMINGS, Chief Judge.

Petitioner appeals pro se from the district court decision dismissing his habeas petition. For the reasons set forth below, we affirm.

## I.

A jury found petitioner Ronnie Cunningham guilty of murder, armed robbery, and two counts of aggravated battery. He was sentenced to 100–150 years for murder, ten to twenty-five years for armed robbery and three to nine years for each count of aggravated battery, with the armed robbery and aggravated battery sentences running concurrently, and consecutive to the murder sentence. The convictions of petitioner and co-defendant Jasper Glenn were upheld by the Illinois Appellate Court in *People v. Glenn*, 63 Ill.App.3d 344, 20 Ill.Dec. 412, 380 N.E.2d 390 (Fifth Dist.1978), and leave to appeal was denied by the Illinois Supreme Court.

As described in the Appellate Court opinion, the crime was a particularly vicious one. Petitioner and Glenn [1] were convicted of terrorizing and beating an elderly couple

---

1. A third person participated and was tried and convicted separately.

and their retarded adult son over a period of several hours early on February 13, 1975. The husband died later that day as a result. The house was ransacked. After an intensive neighborhood investigation, police learned that petitioner and Glenn had been at a party nearby on the night of the 12th. A telephone call from a confidential source named both men as the perpetrators of the crime; both names apparently also surfaced independently. Both defendants were arrested on February 15th. Glenn was advised that he would be prosecuted as an adult; he was questioned and later signed a written confession, which implicated petitioner. Petitioner also confessed. The court later denied Glenn's motion to suppress and Glenn was tried by the court on stipulated evidence. Petitioner was tried by a jury. His motion to suppress was also denied and his confession was introduced against him at trial. The voluntariness of petitioner's confession is not at issue on appeal.

On direct appeal *Glenn* argued that there was no probable cause for his arrest in the absence of any information about the credibility and reliability of the unnamed source; he also argued that his confession should have been suppressed as the product of an illegal arrest and because the prosecution failed to prove that it was voluntarily made. *Petitioner* argued only that all sentences should have been concurrent, and that 100–150 years was excessive for murder. All contentions were rejected by the Appellate Court. Petitioner has not filed for post-conviction relief under the Illinois Post-Conviction Hearing Act, Ill.Rev.Stat. ch. 38, art. 122.

In his habeas petition, petitioner challenged the constitutional validity of his conviction on three grounds: (1) that since his arrest was based on an informant's tip and the informant's identity was not disclosed despite counsel's demand at trial, petitioner was denied his Sixth Amendment right of confrontation and his arrest was without probable cause; (2) that he was denied the right to challenge the voluntariness of Glenn's confession; and (3) that the imposition of consecutive sentences was arbitrary and excessive. Without an evidentiary hearing, Judge Marshall denied all three claims on the merits: Petitioner had no right to the disclosure of the informant's identity and claimed no harm flowing from the allegedly improper arrest other than the prosecution itself; petitioner cannot complain about the violation of another's constitutional rights; and the sentence was imposed within Illinois statutory limits. Petitioner appeals only the probable cause issue and the question of the voluntariness of Glenn's confession. He also argues that the district court should have based its decision on a review of the record rather than on the state court findings.

## II.

The State, in its motion to dismiss the habeas petition, noted that petitioner had exhausted his state remedies, and exhaustion was not discussed in the district court opinion. Nevertheless, after *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a case decided since the district court opinion, we must initially inquire whether petitioner has indeed exhausted his state remedies as to each and every claim presented. While the sentencing issue was presented to the Appellate Court by petitioner on direct appeal, the other two claims present some unusual exhaustion issues. The voluntariness of Glenn's confession was litigated on direct appeal—but by Glenn, not by petitioner. On the probable cause question, petitioner apparently claims both that the informant implicated him directly and that the informant named Glenn who in turn provided information about petitioner. On direct appeal, only Glenn raised the issue of probable cause for his arrest.

■ We think the issue of the voluntariness of Glenn's confession has been exhausted—albeit not by petitioner. Exhaustion is a matter not of jurisdiction, but of comity; the federal courts should not act until the state courts have had an opportunity to correct federal constitutional errors. *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). The vol-

untariness issue has been squarely presented to—and rejected by—the Illinois Appellate Court. No federalism purpose would be served by requiring petitioner personally to raise the issue again. Alternatively, if the claim were not thereby exhausted, we think the claim must still be viewed as exhausted for purposes of § 2254. The exhaustion requirement refers only to remedies still available at the time of the federal habeas petition. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982); *Perry v. Fairman,* 702 F.2d 119, 120 (7th Cir.1983). Petitioner need not pursue post-conviction relief if it would be futile. See *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). In *People v. James,* 46 Ill.2d 71, 74, 263 N.E.2d 5, 7 (1970), the Illinois Supreme Court, in discussing the availability of post-conviction relief, stated that the judgment of a reviewing court is *res judicata* as to all issues actually decided, and all issues that could have been raised but were not are considered waived. Since petitioner failed to raise the voluntariness of Glenn's confession on direct appeal, we think it would be futile to raise the issue now on post-conviction.

■ As to the use of the informant, to the extent that petitioner is complaining about the identification of Glenn, the above analysis applies: Glenn presented the issue to the Illinois Appellate court, and assuming that petitioner could have raised the matter on direct appeal, he cannot expect post-conviction relief at this point. If petitioner's complaint is that he was named by the informant, the issue was never presented to the Illinois courts, but it certainly could have been; on post-conviction the Illinois courts would find this issue waived. There is no state remedy now available.

Accordingly, we conclude that state remedies have been exhausted as to all claims presented. The issues were thus properly presented to the district court, and are properly before us now.

### III.

■ The claim concerning the informant's identity is easily dismissed. Under *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), there is no constitutional right to the disclosure of the identity of an informant whose information leads to a finding of probable cause. Furthermore, the trial court and the Illinois Appellate Court on direct appeal concluded that there was probable cause for the arrest of both petitioner and Glenn aside from the informant's information, and petitioner does not challenge that finding. Even assuming, *arguendo,* that the arrest was illegal, petitioner has still presented no grounds for relief. He does not claim that the state used evidence that would not have been obtained "but for" the illegal arrest. See *Wong Sun v. United States.* 371 U.S. 471, 485–88, 83 S.Ct. 407, 416–17, 9 L.Ed.2d 441 (1963); *United States v. Santucci,* 674 F.2d 624, 630–31 (7th Cir.1982), *certiorari denied,* —— U.S. ——, 103 S.Ct. 737, 74 L.Ed.2d 959 (1983); *United States v. Rowell,* 612 F.2d 1176, 1179 (7th Cir.1980). The Illinois court found that petitioner's confession was a voluntary, independent act, and other circumstantial evidence was also independently obtained. An otherwise valid prosecution does not abate just because the arrest was illegal.

■ The matter of the voluntariness of Glenn's confession presents a more interesting question. The general rule is that individuals not personally the victims of illegal governmental activity cannot assert the constitutional rights of others. This is clearly true in the Fourth Amendment context. Evidence seized after a search of premises in which one person has a legitimate privacy interest cannot be introduced against that person, but can be introduced against another who had no such privacy interest and who therefore suffered no violation of his own constitutional rights. See e.g. *United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); *Standefer v. United States,* 447 U.S. 10, 23–24, 100 S.Ct. 1999, 2007–2008, 64 L.Ed.2d 689 (1980); *Rakas v. Illinois,* 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978);

*Alderman v. United States,* 394 U.S. 165, 174, 89 S.Ct. 961, 967, 22 L.Ed.2d 176 (1969).

Petitioner here raises a Fifth Amendment argument. He asserts that a confession obtained in violation of Glenn's constitutional rights was used against him, thereby violating his own constitutional right to a fair trial. Petitioner cites two cases in support of this theory. In *LaFrance v. Bohlinger,* 499 F.2d 29 (1st Cir.), *certiorari denied,* 419 U.S. 1080, 95 S.Ct. 669, 42 L.Ed.2d 674 (1974) and *Bradford v. Johnson,* 476 F.2d 66 (6th Cir.1973), *aff'g* 354 F.Supp. 1331 (E.D.Mich.1972), the testimony of witnesses was allegedly coerced. While noting that petitioner lacked standing to raise another's Fifth Amendment rights or to be free of incrimination by another, the Sixth Circuit in *Bradford* emphasized the "fundamental unfairness" of a conviction knowingly obtained by the use of a tortured confession by a witness; the case was remanded for retrial. The First Circuit in *LaFrance* approached the problem in terms of the rationale of *Jackson v. Denno,* 378 U.S. 368, 386, 84 S.Ct. 1774, 1785, 12 L.Ed.2d 908 (1964), in which the Court forbade use of a coerced confession by the accused, and found it similarly "unthinkable that a statement obtained by torture or by other conduct belonging only in a police state should be admitted at the government's behest in order to bolster its case." 499 F.2d at 34. The case was remanded for a determination of the voluntariness of the confession used to impeach the witness' testimony.

 We conclude that petitioner is correct about the general proposition that a violation of another's Fifth Amendment rights may rise to the level of a violation of his own right to a fair trial. However, we hold that petitioner's argument must fail under the circumstances presented here for two reasons. First, unlike *LaFrance* and *Bradford,* there has already been a determination in this case that Glenn's Fifth Amendment rights were not violated. Petitioner therefore has nothing to complain about even if he does have standing to raise

the issue. The same confession cannot very well be constitutionally antiseptic as to the person who confessed yet unconstitutional as to another thereby implicated (the reverse of the usual Fourth Amendment argument). Second, again in contrast to the situation presented in *LaFrance* and *Bradford,* the allegedly coerced confession was not introduced at petitioner's trial. While the confession may have aided in the investigation of the crime, this use presents no basis for relief via a habeas petition if there was nothing improper about the trial itself.

Finally it is clear from Judge Marshall's memorandum opinion that his findings were based on a review of the entire record.

IV.

For the foregoing reasons, we AFFIRM the district court decision dismissing the petition.