People of the State of Illinois, Defendant in Error, v. Donald Paulson, Plaintiff in Error.

Gen. No. 51,473.

First District, Fourth Division.

January 30, 1967.

Jerome J. Ruther and John F. Lang, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. James Gildea, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Donald Paulson (hereinafter referred to as defendant) and Bobbie Haygood were convicted after a jury trial of murder and were sentenced to the penitentiary for a term of forty years. The conviction of Haygood was affirmed on appeal (People v. Haygood, 60 Ill App2d 70, 208 NE2d 373). Defendant sued out a writ of error in the Supreme Court and the cause was transferred to this court.

## Contentions on Appeal

1. Defendant was not proven guilty beyond a reasonable doubt because the prosecution's witnesses were impeached;
2. The decedent died of meningitis and not from any alleged act of the defendant.

## Evidence

Lee James, the deceased, died following a cafe brawl. (The facts with regard to the brawl are set out in detail in People v. Haygood, supra, and will not be repeated here.) According to the testimony adduced by the prosecution, both defendant and Haygood struck the deceased over the head with a baseball bat during the brawl. Defendant admitted his presence at the cafe and his involvement in the fight, but denied striking anyone with a bat. Another defense witness was Marsha Larry, a girl whom defendant had dated, who testified that she was sitting on a stool at the counter when the brawl suddenly began; that she was knocked down and hit "a couple times"; that she was on the floor and didn't see what was happening; and that Paulson grabbed her by the waist and led her from the cafe. She further stated that she did not see defendant strike anyone with an object. Marion Rufus, who managed the cafe, also testified on behalf of the defendant and stated that she had known the defendant for two years; that her back was to the customers when the fight began; that Paulson was involved in the fight but used only his fists; and that she didn't see any baseball bats behind the counter that morning.[1] On cross-examination the witness admitted telling the police shortly after the incident that she didn't know any of the men involved in the brawl. She also admitted that in response to the

---

[1] Witnesses for the prosecution stated that Paulson grabbed a baseball bat from beneath the counter.

question of a policeman: "Is there anything you can tell me at all about this fight?" she replied "No, it happened so fast, I don't know what happened." The witness stated in addition that she discussed her testimony with defense counsel, in the presence of Marsha Larry, less than a week prior to trial.

As to the cause of death, the uncontroverted testimony is that the deceased died on July 25 from meningitis, which was caused by infection which entered the surgical incision during an operation for a subdural hematoma due to a blow on the head. Dr. Oscar Sugar testified that he examined the deceased on July 9 (the day of the brawl) and that the diagnosis was cerebral concussion and lacerations of the scalp. There was also a skull fracture. On July 19 the deceased complained of dizziness and headaches and a test indicated sustantial brain damage, after which the operation was performed.

## Opinion

(1) Defendant's first contention is that he was not proven guilty beyond a reasonable doubt because the prosecution's witnesses made contradictory statements and were unworthy of belief. However, after a careful review of the record in this case, we find that defendant's contention is without merit. Walter Attwood testified that "Paulson struck the head of James three or four times, all with a baseball bat." Attwood also stated that the deceased was not hit in the head by a thrown sugar bowl. On cross-examination he admitted that in a signed statement to the police he had stated that James was hit in the head by a sugar bowl, causing a laceration. Attwood further testified, however, that in his statement to the police he meant that a man named Raby was hit by the bowl. Martha Kennon, who testified that she observed defendant strike the deceased

47

on the head with a bat but admitted giving the police a statement to the contrary, stated on redirect examination that she falsified her statement to the police because she was afraid of "what Johnny Glisson [also referred to as Gleason] had told me." [2] The court then sustained objections by defense counsel as to the conversation between Glisson and Miss Kennon. Another witness, Barbara Pierce, also stated that defendant struck the deceased with a baseball bat.[3]

■ The contradictory statements of the state's witnesses were reasonably explained. Moreover, there is no relevant contradiction whatsoever in the testimony of Barbara Pierce. While defendant asserts that Barbara Pierce failed to identify him from a lineup, this is not supported by the record (the witness admittedly did not identify Haygood, the other defendant, from the lineup). Furthermore, the credibility of defendant's witnesses was placed in doubt by their contradictory statements.

■ A mere conflict in evidence on material facts in issue will not justify a reversal where there is sufficient credible evidence to convict. People v. Sheppard, 402 Ill 347, 351, 83 NE2d 587. The evidence in the instant case is sufficient to prove beyond a reasonable doubt that defendant struck the deceased on the head with a baseball bat.

(2) A supervening act will not relieve an accused from responsibility for the death of another unless

---

[2] Johnny Glisson was the manager of the "New Southern Inn" which was across the street from the cafe in question and was where defendant worked as a bartender. The fight had its inception there.

[3] In his brief defendant argues that the cross-examination of Barbara Pierce was improperly restricted. However, this same contention on behalf of Bobbie Haygood was rejected by the court in People v. Haygood, 60 Ill App2d 70, 208 NE2d 373 and appellate counsel withdrew this contention at oral argument.

that act was disconnected from the act of the accused. People v. Meyers, 392 Ill 355, 64 NE2d 531. In the instant case, according to the uncontroverted testimony, death was caused by an infection which developed during an operation to relieve a hematoma, the hematoma having been caused by a blow to the head allegedly inflicted by the defendant. The chain of events ultimately causing the death of Lee James was set in motion by the act of defendant, and therefore the resulting infection was not disconnected from defendant's act (People v. Meyers, supra).

**Holding on Appeal**

We find that defendant was proven guilty of murder beyond a reasonable doubt. Therefore the judgment of the trial court is affirmed.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.