THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS SCHANUEL, Defendant-Appellant.

(No. 72-343;

Fifth District—January 23, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Michael Q. Jones, Senior Law Student, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, who was charged by indictment with violation of § 402 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1402) in the circuit court of St. Clair County, was convicted on his negotiated plea of guilty to § 402(b) of the Act, as an adult. His application for probation was granted on recommendation of the State's Attorney and a probation period of five years was ordered.

Defendant has appealed contending his constitutional right to equal protection of the law was violated and that the statutory scheme under

which he was convicted was unconstitutional in that it violated his right to equal protection under the fourteenth amendment to the United States Constitution and article I, §§ 2 and 18 of the 1970 Constitution of the State of Illinois. The act of possession with which defendant was charged occurred on March 2, 1972, at which time defendant was 17 years of age; he was convicted on July 20, 1972, after his 18th birthday, at both of which times sections 2—7(1) and 2—7(3) of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, pars. 702—7(1) and 702—7(3)) were in effect. The 1970 Constitution of the State of Illinois became effective July 1, 1972.

The Juvenile Court Act provided that unless the procedures set out in the Act are followed:

"* * * no boy who was under 17 years of age or girl who was under 18 years of age at the time of the alleged offense may be prosecuted under the criminal law of this State or for violation of an ordinance of any political subdivision thereof." § 2—7(1) of the Juvenile Court Act, Ill. Rev. Stat. 1971, ch. 37, par. 702—7(1).

Being 17 years old at the time of the alleged offense, this male defendant was proceeded against as adult, whereas had the defendant been a female, the statute would have been operative.

The Constitution of 1970 in addition to prohibiting the denial of equal protection of the laws in § 2, article I in much the same language as does the fourteenth amendment to the United States Constitution, in § 18, article I contains the following mandate:

"The equal protection of the laws shall not be denied or abridged on account of sex by the State or its units of local government and school districts." § 18, art. I, Constitution of Illinois 1970.

In *People v. Ellis*, 10 Ill.App.3d 216, 293 N.E.2d 189, the defendant was 17 years old at the time of the offenses and at the time of his conviction and sentence. Noting that § 2—7(1) of the Juvenile Court Act referred to age "at the time of the alleged offense", the court held there was a denial of equal protection under the 1970 Constitution of Illinois, making specific reference to § 18 of article I of the 1970 Constitution, as well as under the fourteenth amendment of the U.S. Constitution.

In *People v. McCalvin*, 55 Ill.2d 161, 302 N.E.2d 342, a case in which the defendants were tried, convicted and sentenced prior to the effective date of the Constitution of 1970, our Supreme Court specifically held that § 2—7 of the Juvenile Court Act did not violate the equal protection clause of the United States Constitution. In doing so the Court commented on the result reached in *Ellis*, and in a special concurring opinion one Justice considered § 2—7(1) of the Act violative of § 18 of article I

of the 1970 Constitution, but inapplicable since the conviction occurred before the effective date.

■■ In view of what was said in *McCalvin*, and the Court's consideration of *Ellis*, we conclude that in this case, involving an alleged offense committed before the effective date of the 1970 Constitution, for which defendant was convicted and sentenced after he became 18, and after the Constitution of 1970 became effective, and in which no evidence was introduced in opposition to, nor in support of the statutory classification provided in § 2—7(1) of the Act, that there is no merit to defendant's constitutional contentions.

■■ Defendant further contends that he was not properly admonished prior to acceptance of his guilty plea, in that Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) was not substantially complied with before acceptance of the plea. The argument is principally based on whether defendant knowingly and understandingly entered his plea, on the basis that he was not advised that his plea was to a misdemeanor rather than a felony. Defendant was charged under section 402 of the Illinois Controlled Substances Act which provided for penitentiary sentence and an alternative penalty of imprisonment other than in the penitentiary. There was in fact no election to be made, the offense was by statute a misdemeanor. (*People v. Novotny*, 41 Ill.2d 401, 244 N.E.2d 182.) We find there was substantial compliance with Supreme Court Rule 402.

■■ However, under the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 37, par. 1101—1—1 *et seq.*) the provisions of which are applicable to this defendant on direct appeal, probation on a misdemeanor, shall not exceed a period of two years (par. 1005—6—2), and we therefore modify the probation order to provide that the duration of the probation be for two years.

We therefore affirm the judgment as modified.

G. MORAN, P. J., and CREBS, J., concur.