THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MORRIS JACKSON, Defendant-Appellant.

(No. 71-203;

Fifth District—January 23, 1974.

James R. Streicker, Assistant Appellate Defender, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant has appealed from his conviction and sentence of 50 to 100 years, on a charge of murder, in the circuit court of St. Clair County.

The first issue presented for review is whether it was reversible error for the trial court to deny defendant's motion to suppress a written statement, in which defendant stated his participation in an armed robbery and shooting which resulted in the death of the victim, taken while defendant was in custody and the crime was being investigated. In the trial court defendant referred to the statement as a confession; he here refers to it as an admission. It contained the material facts, which constituted the necessary elements of the crime and which directly implied the defendant's guilt, and amounts to a confession of the crime with which defendant was charged.

*Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602 requires that before the police can interrogate a criminal suspect in custody at the police station or before such suspect can be significantly deprived of his freedom of action, the police must inform such suspect of his constitutional rights. Where a defendant contends that a confession was involuntary, the burden is on the State to prove by a preponderance of the evidence that the confession is voluntary. *People v. Sammons,* 17 Ill. 2d 316, 161 N.E.2d 322, 324.

Defendant contends that there is nothing in the record which reveals an express waiver of his *Miranda* rights nor which indicates a clear manifestation to waive those rights. The totality of the circumstances must be examined in determining whether a confession is voluntary, the trial court need not be convinced beyond a reasonable doubt, and a finding that the statement was voluntary will not be disturbed unless it is contrary to the manifest weight of the evidence. (*People v. Prim,* 53 Ill.2d 62, 289 N.E.2d 601.) Here there was evidence that the

defendant was questioned, after the *Miranda* warnings were given, two to three hours at the first questioning which terminated at 4:00 P.M. and was questioned 15 to 60 minutes the following morning at 10:30 or 11:00 A.M. before he confessed; that the police talked casually to him; that he had an eighth grade education and was 17 years old, and had not been threatened or coerced. He was not attended by counsel or relatives and was in custody less than 24 hours before he made the statement. The defendant challenged much of the State's testimony; it was the defendant's word against the word of three policemen, and there was ample evidence from which the trial court could determine the confession was made knowingly and voluntarily. Mere conflict in evidence on material facts and issues will not justify a reversal of the trial court's finding of admissibility. *People v. Paulson*, 80 Ill.App.2d 44, 225 N.E.2d 424.

■■ The next contention is that the court erroneously instructed the jury that defendant had confessed to the crime charged in the indictment. The given instruction was:

> "You have before you evidence that the defendant confessed that he committed the crime charged in the indictment. It is for you to determine what weight should be given to the confession. In determining the weight to be given to a confession, you should consider all of the circumstances under which it was made."

The indictment charged that Morris Jackson and Carlos Mosley, "with the intent to kill Dennis Schwent, shot the said Dennis Schwent with a gun and killed the said Dennis Schwent, without lawful justification * * *." The confession stated that Mosley shot the victim. Defendant therefore relies upon the court's distinction between a statement which is only an admission and one which constitutes a confession of guilt of the crime charged, made in *People v. Stanton*, 16 Ill.2d 459, 158 N.E.2d 47. Admitting that no objection was made in the trial court, defendant seeks relief under the plain error rule (ch. 110A, § 615(a)). In the trial court defendant referred to this statement as a confession, and as pointed out we consider it as such since it contained the material facts which constituted the necessary elements of the crime of murder. We find no merit in the contention.

■■ Defendant's next contention is that since at the time of his arrest and conviction he was 17 years of age he was denied equal protection of the law by virtue of the limitations in criminal prosecutions imposed by § 2—7(1) of the Juvenile Court Act (Ill. Rev. Stat. 1969, ch. 37, § 702—7(1)) in which it was provided that "no boy who was under 17 years of age or girl who was under 18 years of age at the time of the

alleged offense may be prosecuted under the criminal laws". Defendant being 17 at the time of the alleged offense and conviction was not entitled to the benefits of the Act in the absence of a request to transfer the case to the adult courts, whereas a girl of the same age and under the same facts would have been so entitled. Our Supreme Court has resolved the question in *People v. McCalvin*, 55 Ill.2d 161, 302 N.E.2d 342, in which, as here, both the alleged offense and the conviction occurred before the Constitution of 1970 became effective. That court held equal protection was not violated by that provision of the Juvenile Court Act, and adhered to its holding in *People v. Pardo*, 47 Ill.2d 420, 265 N.E.2d 656.

■■ The last contention is that the sentence of 50 to 100 years is excessive considering defendant's youth and lack of a prior felony record. Regardless of the 50 year minimum imposed the defendant would be eligible for consideration for parole after serving 20 years, less time credit for good behavior, by virtue of the legislature's recognition of a public policy of rehabilitation in section 123—2(a) (3) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, § 123—2(a) (3)). While we appreciate the seriousness of the offense, it does not justify ignoring the public policy of rehabilitation declared by the legislature both in the Code of Criminal Procedure and now by the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, § 1001—1—1 *et seq.*). Final disposition on defendant's direct appeal, coming after the effective date of the Unified Code of Corrections entitles him to consideration of the provisions of it in determining the proper sentence imposed after prescribed presentencing procedures (Art. 3, Unified Code of Corrections) and sentencing procedures (Art. 4 of said Code).

We therefore affirm the judgment of conviction, and remand the cause to the circuit court of St. Clair County for sentencing in accordance with the provisions of the Unified Code of Corrections.

Affirmed and remanded.

G. MORAN, P. J., and JONES, J., concur.