The People of the State of Illinois, Plaintiff-Appellee, v. Robert Douglas, Defendant-Appellant.

(No. 72-279; ▮▮▮▮▮▮▮▮

Fifth District—January 23, 1974.

*Rehearing denied October 4, 1974.*

Robert E. Farrell, Deputy Defender, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant pled guilty to armed robbery and was sentenced to serve a minimum of five and a maximum of fifteen years in the penitentiary. The defendant was 17 years old at the time of the alleged offense on January 21, 1972.

The sole issue is the constitutionality of the then-existing Juvenile Court Act which provided that, with certain exceptions, no boy under 17 years of age or girl under 18 years of age could be prosecuted under the criminal laws of this State. (Ill. Rev. Stat., ch. 37, sec. 702—7.) The defendant contends that, because the statute provided 17-year-old girls with a procedural protection not given to 17-year-old boys, he was denied equal protection of the law. The defendant further alleges that the above provision is in violation of article I, section 18 of the 1970 Illinois Constitution which became effective on July 1, 1971 and which provides that equal protection of the laws shall not be denied or abridged on account of sex.

The question presented in this appeal has previously been answered by the Illinois Supreme Court in *People v. McCalvin*, 55 Ill.2d 161, 302 N.E.2d 342. That case differs from the instant case only in that the prosecution in *McCalvin* was completed before the effective date of the 1970 Illinois Constitution. In its opinion the Illinois Supreme Court stated:

"*  *  * We do not have in this statutory scheme  *  *  * a discrimination based upon sex alone  *  *  *.

The line that the statute formerly drew between those minors who were to be prosecuted criminally and those who might be retained within the jurisdiction of the juvenile court cannot, in our opinion, be fairly described as a 'suspect classification'.  *  *  * We therefore hold that section 2—7 of the Juvenile Court Act did not violate the equal-protection clause. We adhere to the conclusion we reached in *People v. Pardo* (1970), 47 Ill.2d 420, 265 N.E.2d 656.  *  *  *"

This court is bound by the Illinois Supreme Court's holding that the discrimination in the statute was not based on sex alone. Since that holding is dispositive of the issue raised in the instant case, we are compelled to affirm. For discussion of the issue raised, see *People v. Jackson*, 22 Ill.App.3d 170, 317 N.E.2d 276, and *People v. Schanuel*, 22 Ill.App.3d 174, 317 N.E.2d 279, both of which have been filed in this court on this date.

Affirmed.

G. MORAN, P. J., and CREBS, J., concur.