THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STANLEY RANCE *et al.*, Defendants-Appellants.

(Nos. 58666-7 cons.;

First District (4th Division)—June 26, 1974.

James J. Doherty, Public Defender, of Chicago (James M. Sammons, Assistant Public Defender, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Linda West Conley, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendants, Stanley Rance and David Byrd, were convicted of two counts of theft after a joint bench trial, and each was given concurrent sentences of 1 year probation with the first 60 days in the House of Correction.

The issue for review is whether the defendants were deprived of due process of law when the State presented evidence of a felony under a charge of a misdemeanor.

Allen Kilpatrick and Willie Harris each testified they were robbed at gunpoint on August 25, 1972, about 5 P.M. They had just cashed their checks at a currency exchange and were walking down the street when three men, who had been sitting on a car, approached them. Harris testified that David Byrd held a gun on them, and each was forced to hand over his money. Harris and Kilpatrick handed over $113 and $186, respectively. A third companion bolted from the scene before his money could be taken. Kilpatrick testified similarly except that he stated the gun was held by a third person, who had not been identified.

After being robbed the two men called police and rode around the area in a squad car, searching for the thieves. They were unable to find them, but when Kilpatrick and Harris returned to a neighborhood tavern, they saw two of the three hold-up men. The police were called again, and the defendants, Stanley Rance and David Byrd, were arrested. No money or weapons were found.

At the trial on October 31, 1972, the State moved to *nolle prosequi* the felony charges which had been filed and elected to proceed to trial on two counts of theft. When asked if he had an objection, the Public Defender replied in the negative.

The defendants argue they were deprived of due process of law because the reduction of the charge from armed robbery to theft cir-

cumvented the defendants' right to indictment and its attendant safeguards. The defendants state they do not challenge the discretion of a prosecutor to reduce a charge where the evidence is lacking on one or more elements of an offense or where the reduction is made as part of a negotiated plea of guilty to a lesser charge.

It is argued the defendants are prejudiced because the issue of identification is heard without the benefit of a pretrial motion to suppress and no list of witnesses or physical evidence is filed.

■■ The Illinois Supreme Court addressed itself to this issue and determined that once the possibility of a penitentiary sentence is eliminated, a misdemeanor can be charged by information or complaint. *People v. Morrissey* (1972), 52 Ill.2d 418; *People v. Coleman* (1971), 45 Ill.2d 466.

■■ The law is well settled that objections not raised at trial cannot be raised on appeal. A defendant may not sit idly by and allow alleged irregular proceedings to occur without objection and afterward seek to reverse his conviction by reason of those same irregularities. (*People v. Mirmelli* (1970), 130 Ill.App.2d 1; *People v. Mays* (1962), 23 Ill.2d 520.) In this case not only was there no objection, but the defense counsel twice replied in the negative when asked if he wished to object. Defense counsel obviously made a choice based on trial strategy and cannot now complain.

The defendants also contend the State failed to comply with section 111—2 of the Illinois Criminal Code (Ill. Rev. Stat. 1971, Ch. 38, § 111—2):

> "(a) All prosecution of felonies shall be by indictment unless waived understandingly by the accused in open court, and unless the State expressly concurs in such waiver in open court."

This section does not apply because the prosecution was for a misdemeanor and not a felony. See *People v. Morrissey* (1972), 52 Ill.2d 418, and *People v. Coleman* (1971), 45 Ill.2d 466.

■■ Finally, the defendants argue the State should be forced to disclose the reason for dropping the felony charges. They apparently speculate the State had knowledge which would result in the dismissal of all charges. This argument ignores the fact the defendants had a full trial on the charges after pleading not guilty. The court determined the State proved its case beyond a reasonable doubt, and any speculation as to the reasons for dropping the felony charges is not a valid issue on appeal.

■■ On January 1, 1973, the Unified Code of Corrections became applicable to these defendants' appeals. (*People v. Harvey* (1973), 53 Ill.2d 585.) The split sentence given in this appeal is now illegal under recent Illinois Supreme Court decisions. (*People ex rel. Weaver v. Longo*

(1974), 57 Ill.2d 67; *People v. Grant,* 57 Ill.2d 264; *People v. Mahle,* 57 Ill.2d 279.) Therefore, the 60-day imprisonment term imposed on each defendant must be reversed and stricken from the record.

For the reason stated the judgment of the Circuit Court of Cook County is affirmed as modified.

Affirmed as modified.

BURMAN and JOHNSON, JJ., concur.