THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD BLAINE ELLIOTT, Defendant-Appellant.

Fourth District   No. 4—91—0517

Opinion filed February 20, 1992.

748

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On May 28, 1991, defendant Ronald Elliott entered a plea of guilty to one count of aggravated criminal sexual abuse, a Class 2 felony (Ill. Rev. Stat. 1989, ch. 38, pars. 12—16(c)(1)(i), (g)) in the circuit court of Macon County. Under the terms of a negotiated plea agreement, the trial court sentenced him to a two-year term of periodic imprisonment, consisting of work release while confined to the county jail. At the hearing, it was revealed that defendant had served sentences in the penitentiary on four prior occasions.

At a further hearing on July 12, 1991, the trial court acknowledged this sentence exceeded the maximum allowed by law. Section 5—7—1(d) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—1(d)) provides for a maximum sentence of one year of periodic imprisonment, when the sentence is to be served in a county jail facility on work release. The prosecutor suggested a modification of defendant's sentence to two years' probation, with the first year to be served on work release. Defense counsel acknowledged the advantage to defendant of such a modification by elimination of one year of his work release, but defendant himself objected. He expressed the conviction that such a modification was somehow an increase in the severity of his sentence. He indicated he believed he could be resentenced to a greater term of imprisonment if he violated the terms of probation than if he violated the terms of work release. The trial court attempted to explain

to defendant the error of this reasoning, without success. Over defendant's objection, the trial court modified defendant's sentence to two years' probation, with the first year to be served in the county jail on work release. This appeal followed.

The maximum term of periodic imprisonment which could be imposed upon defendant in the instant case was one year, as provided in section 5—7—1(d) of the Code:

"A sentence of periodic imprisonment shall be for a definite term of from 3 to 4 years for a Class 1 felony, 18 to 30 months for a Class 2 felony, and up to 18 months, or the longest sentence of imprisonment that could be imposed for the offense, whichever is less, for all other offenses; *however, no person shall be sentenced to a term of periodic imprisonment longer than one year if he is committed to a county correctional institution or facility, and in conjunction with that sentence participate in a county work release program comparable to the work and day release program provided for in Article 13 of the 'Unified Code of Corrections' in state facilities.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—1(d).

The trial court may modify or revoke a term of periodic imprisonment, as permitted by section 5—7—2 of the Code:

"(a) A sentence of periodic imprisonment may be modified or revoked by the court if:

(1) the offender commits another offense; or

(2) the offender violates any of the conditions of the sentence; or

(3) the offender violates any rule or regulation of the institution, agency or Department to which he has been committed.
 * * *

(c) *** Where a sentence of periodic imprisonment is revoked, the court may impose any other sentence that was available at the time of initial sentencing." Ill. Rev. Stat. 1989, ch. 38, pars. 1005—7—2(a), (c).

The court retains jurisdiction of a defendant during the term of his periodic imprisonment and may order a diminution of his term if his conduct, diligence, and general attitude merit such action. Ill. Rev. Stat. 1989, ch. 38, par. 1005—7—7.

Defendant argues on appeal that the trial court erred in modifying his sentence. He claims his sentence should instead have been reduced to the maximum one year of periodic imprisonment allowed by law. The gist of his complaint is that the trial court should not have imposed probation, which was not a part of his original sentence under his plea

agreement. He believes the trial court was without power to modify his sentence except as allowed under section 5—7—2 of the Code as quoted above.

The only authority cited by defendant in support of his contention is *People v. Gentry* (1977), 48 Ill. App. 3d 900, 363 N.E.2d 146. In that case, defendant was convicted of disorderly conduct and resisting arrest. He was sentenced to one year in the House of Corrections on the resisting arrest conviction. He appealed, with one of his contentions being that this sentence went beyond the maximum term permitted by law. The appellate court agreed, noting the maximum term was 364 days, not one year. The court then reduced defendant's sentence by one day— to 364 days.

Defendant maintains that other decisions have similarly reduced to the statutory maximum those sentences which were outside the limits of the law. He claims none of these decisions have allowed the trial courts to impose different sentencing conditions in order to somehow balance the benefit a defendant receives, when he was mistakenly sentenced to a term beyond what the law permitted.

The State argues the court did not modify its sentencing order, but merely "corrected" it. The State's theory is that the record indicates it was the intent of the trial court to monitor defendant for a period of two years, whether that process involved periodic imprisonment or probation. It regards defendant's sentence as being very lenient, given his four prior trips to the penitentiary. The State believes, under this scenario, that the trial court merely corrected its sentencing order to two years' probation, with the first year to be served on periodic imprisonment. The State argues a court has inherent power to reconsider and correct its own rulings, even in the absence of a statute or rule granting it such authority. In *People v. Mink* (1990), 141 Ill. 2d 163, 565 N.E.2d 975, *cert. denied* (1991), 501 U.S. ___, 115 L. Ed. 2d 1030, 111 S. Ct. 2863, the trial court granted defendant's motion for a new trial, finding the State had not established venue on one of the charges of which defendant had been found guilty. The State moved for reconsideration of this order, and its motion was granted by a different judge who then vacated the new trial order and entered judgment on the jury verdicts. Defendant appealed. The Illinois Supreme Court noted that a court in a criminal case has inherent power to reconsider and correct its own rulings, even in the absence of a statute or rule granting such authority. This power extends to interlocutory as well as final orders. The court pointed out that the trial court had set the matter for a new trial and had thereby retained jurisdiction of the defendant and the indictment. As long as the case was pending before it, the trial court had jurisdic-

tion to reconsider any order which it had previously entered. *Mink*, 141 Ill. 2d at 171, 565 N.E.2d at 978-79.

In *People v. Heil* (1978), 71 Ill. 2d 458, 376 N.E.2d 1002, the defendant made a demand for a speedy trial. Sometime later, the trial court granted defendant's motion for discharge based upon violation of his right to a speedy trial. The State filed a motion the next day asking the trial court to set aside its order of discharge. Prior to the hearing on this motion, defendant's bail was discharged and the bail deposit refunded to his attorney. After a hearing on the State's motion, the trial court vacated its order of discharge and set the case for trial. The appellate court reversed the judgment, holding that although the trial court had jurisdiction over the case when it vacated the discharge order, that order was binding and conclusive and operated to preclude readjudication thereof. The supreme court reversed the appellate court. Pointing out that relevant criminal statutes and rules demonstrate the intent that the trial court have the power to reconsider final appealable orders within 30 days of their entry, it was held that the trial court did indeed have the power to consider the State's motion within 30 days of the entry of the order of discharge. (*Heil*, 71 Ill. 2d at 462-64, 376 N.E.2d at 1002-04; see also Ill. Rev. Stat. 1989, ch. 38, pars. 116—1, 116—2, 1005—8—1(d); 134 Ill. 2d Rules 604(d), 605(b), 606(b).) As the supreme court said in *People v. Crilly* (1985), 108 Ill. 2d 301, 311, 483 N.E.2d 1236, 1240, "It would be absurd to suppose that trial judges who conclude they have made mistakes should not be free to correct them within an appropriate time frame." (See also *People v. Van Cleve* (1982), 89 Ill. 2d 298, 303, 432 N.E.2d 837, 839 (holding that a trial judge can enter a judgment of acquittal following a guilty verdict, if the judge concludes that the refusal to direct a verdict was erroneous).) We note, however, that in the instant case, the trial court's modification of its sentencing order took place outside that 30-day period.

The State also cites *People v. Peatry* (1976), 38 Ill. App. 3d 332, 347 N.E.2d 169, *People v. Clark* (1976), 43 Ill. App. 3d 117, 356 N.E.2d 1144, and *People v. Webb* (1976), 38 Ill. App. 3d 629, 347 N.E.2d 486, in further support of its contention that the trial court intended to monitor defendant for two years and it could therefore add probation to make up for the lost year of periodic imprisonment. In the *Peatry* and *Clark* cases, the defendants were found guilty of murder, attempt (murder), and armed robbery. At sentencing, the trial court sentenced them to a minimum of 40 years' and a maximum of 120 years' imprisonment. The written judgment order and the mittimus also contained similar wording. After defendants had filed their notices of appeal, the judgment and mittimus were amended to recite that defendants were sentenced to

concurrent terms of 40 to 120 years on each charge of which they were convicted. Defendants argued the trial court lost jurisdiction when the notices of appeal were filed and, in effect, it had imposed additional sentences through the amendment. (*Clark*, 43 Ill. App. 3d at 118-19, 356 N.E.2d at 1146; *Peatry*, 38 Ill. App. 3d at 339-40, 347 N.E.2d at 175.) In both cases, the appellate court rejected this contention. It was emphasized that the trial court was correcting the judgment, not modifying it. (*Clark*, 43 Ill. App. 3d at 119, 356 N.E.2d at 1146.) The court noted the trial court had not intended to enter an incomplete judgment and it could correct the record to make it comport with the apparent intention to impose sentences on each of the convictions. (*Peatry*, 38 Ill. App. 3d at 340, 347 N.E.2d at 175.) In *Webb*, a similar situation occurred. Defendants had been tried for armed robbery at a bench trial. At the conclusion of the trial, the judge stated he found defendants guilty of robbery. However, the sentences he imposed were for armed robbery, the notices of appeal were from judgments of armed robbery, and references were made throughout the trial and at sentencing to use of a gun. The appellate court said that ordinarily the common-law record imports veracity, but where it is contradicted by facts appearing in the report of the proceedings, a reviewing court must look to the record as a whole to resolve the inconsistencies. The court found defendants were convicted of armed robbery, not simple robbery. *Webb*, 38 Ill. App. 3d at 636, 347 N.E.2d at 492.

These cases are distinguishable from the instant case. Here, we are not dealing with a conflict between the common-law record and the record of the sentencing hearing. It was not the intention of the trial court to include probation as a condition of defendant's original sentence. The record shows the following proceedings in connection with the acceptance of the plea agreement between the State and defendant at the original May 28, 1991, sentencing hearing:

"THE COURT: Is there an agreement?

MR. FINNEY [Defense counsel]: There is. The agreement is he will be sentenced to periodic imprisonment for a work release term of two years. I will have to prepare an order specifying the times. Further he will be ordered not to have any contact with [R.B.] or the named minor in the other charge during the time of the periodic imprisonment. And further, that the mittimus be stayed until Thursday.

THE COURT: Is that correct, Miss McClure?

MS. McCLURE [Assistant State's Attorney]: Yes, your Honor.

THE COURT: Now, Mr. Elliott, if the court agrees with this recommend, you understand that in addition to that there will be a daily charge of—how much?

MR. FINNEY: I believe it's $12.

THE COURT: —a charge of $12 for every day that you are incarcerated made against you. Do you understand that?

A. Yes, sir.

THE COURT: What about prior history of criminality?

MR. FINNEY: Mr. Elliott has a record. He has at least one burglary conviction that is about fifteen years ago. He spent some time in the penitentiary, but it was a long time ago. Is that basically correct, Ron?

MR. ELLIOTT [Defendant]: Yes.

THE COURT: How many times have you been in the penitentiary?

A. [Mr. Elliott:] About four.

Q. [The Court:] But you have been off your last parole for more than a dozen years[?]

A. [Mr. Elliott:] It was about '74-'75.

MR. FICHTER [State's Attorney]: My last contact with Mr. Elliott was about that time, your Honor.

THE COURT: So he has a record but it's been a long time ago. Do you concur, Mr. Fichter, with the statement of prior history?

MR. FICHTER: I do.

THE COURT: So the People are waiving a presentence report?

MR. FICHTER: Yes, your Honor.

THE COURT: And the defendant is waiving a presentence report?

MR. FINNEY: Yes.

THE COURT: Okay, Mr. Elliott, if you do wish to plead guilty, sign that. That is a statement that says you waive your right to trial by jury.

Show the defendant executes and files written waiver of trial by jury as to Count II and pleads guilty to the offense of Aggravated Criminal Sexual Abuse. Court accepts the plea and finds the defendant has been advised of his rights, that he understands his rights and the consequences of his plea; further that he understands the possible punishment for the offense and persists in the plea of guilty. Finding that there is a factual basis for the plea and that the plea was made voluntarily without any threats or

promises. Judgment of conviction entered upon the plea. Court concurs in the negotiated plea. For the offense the defendant is sentenced to periodic imprisonment for a period of 2 years. See written order to be filed regarding hours and days of periodic imprisonment. People waive presentence report. Defendant waives presentence report, with the court making a finding of prior history of criminality. The defendant is further ordered and directed to have no contact of any kind, nature or form for and during the period of sentence with the victim [R.B.] or with [J.B.]. On motion of People, Count I dismissed without prejudice. Mittimus to issue. Mittimus stayed to May 30, 1991 at 5:00 p.m. Defendant ordered and directed to report to the Sheriff of Macon County no later than 5:00 p.m. May 30, 1991 for commencement of sentence."

After this colloquy took place, the trial court proceeded to advise defendant of his appeal rights. Contrary to the State's argument, the quoted material suggests no intention on the part of the trial court other than to accept the plea agreement between defendant and the State and to enter judgment thereon.

■ The State has cited no cases, nor have we found any in our research, which would provide support for its contention that the trial court was authorized to impose a different sentence on defendant because of the mistake made in the original sentencing order. In fact, there are several cases wherein trial courts have sentenced defendants to terms beyond the statutory maximum. In those cases, the appellate courts have uniformly reduced the sentences to the statutory maximum or have simply eliminated the unauthorized portion of the sentence. See, e.g., People v. Franklin (1989), 189 Ill. App. 3d 425, 545 N.E.2d 346; People v. Clark (1975), 27 Ill. App. 3d 534, 327 N.E.2d 142 (abstract of opinion); People v. Rance (1974), 21 Ill. App. 3d 15, 315 N.E.2d 60; People v. Schanuel (1974), 22 Ill. App. 3d 174, 317 N.E.2d 279; People v. Husar (1974), 22 Ill. App. 3d 758, 318 N.E.2d 24.

As defendant points out, there was no evidence presented to the trial court to suggest that he had been guilty of any misconduct, so that the court might have revoked or modified his sentence of periodic imprisonment under section 5—7—2 of the Code. Nor is there any showing in the record regarding defendant's conduct, diligence, and general attitude which might have warranted a diminution of his sentence under section 5—7—7 of the Code. Absent some justification for modification of defendant's sentence under these statutory sections, the trial court was without power to do anything other than to reduce defendant's sentence to the maximum periodic imprisonment allowed by law and, thus,

correct the error in the original sentence. The imposition of probation as an additional sentencing condition was beyond the authority of the trial court and was therefore void.

The final argument of the State which we must address is that this appeal should be dismissed because defendant failed to file a motion asking the trial court to reconsider its modification of his sentence prior to filing his appeal. Such a motion is required when a defendant wishes to appeal only from his sentence under our supreme court's decision in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218. (See also *People v. Wallace* (1991), 143 Ill. 2d 59, 570 N.E.2d 334.) The rationale behind this rule is that such a motion allows the trial court to reconsider the appropriateness of the sentence imposed and to correct any errors made. *Wilk*, 124 Ill. 2d at 110, 529 N.E.2d at 224.

■ The defendant was not required to file such a motion where the trial court's sentence, as modified, was void. However, even were we to find that the filing of a motion to reconsider was necessary in this case, we would nevertheless decline to dismiss defendant's appeal. It is a well-established principle that a void order may always be attacked on appeal, regardless of whether there was a failure to properly preserve the issue for review. (*In re Franklin* (1976), 42 Ill. App. 3d 129, 133, 355 N.E.2d 570, 573.) Dismissal of this appeal because defendant failed to file a motion with the trial court asking for reconsideration of a void sentence would be a poor basis upon which to deny him the relief to which he is clearly entitled.

■ The proper procedure was for the trial court to simply reduce defendant's sentence to one year of periodic imprisonment, the maximum allowed by law, rather than to add probation in an attempt to compensate for the lost year of work release. We find that the trial court's sentence, as modified on July 12, 1991, must be reversed. However, it is unnecessary to remand to the trial court for resentencing. Pursuant to Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), we may reduce defendant's sentence to that which is within the statutory limits. We therefore reduce defendant's sentence from two years' periodic imprisonment to one year's periodic imprisonment, under the same terms and conditions as are contained in the trial court's original sentencing order of May 28, 1991.

Reversed.

McCULLOUGH and KNECHT, JJ., concur.