(No. 31020.—)
RICHARD F. BABCOCK *et al.*, Appellees, *vs.* IVAN A.
ELLIOTT, Attorney General, *et al.*, Appellants.

*Opinion filed May 19, 1949.*

This case is controlled by the decision in *Johnson* v. *Daley, post,* 338.

IVAN A. ELLIOTT, Attorney General, of Springfield,
(WILLIAM C. WINES, RAYMOND S. SARNOW, and JAMES C.
MURRAY, all of Chicago, of counsel,) for appellants.

OVERTON & BABCOCK, (GEORGE W. OVERTON, of counsel,) both of Chicago, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Richard F. Babcock, filed his complaint in the circuit court of Cook County against the defendants, the Attorney General and the Director of Revenue of the State, seeking a declaration that the Illinois Cigarette Tax Act (Ill. Rev. Stat. 1947, chap. 120, par. 453.1 *et seq.*) violates Federal and State constitutional guaranties in the respects enumerated. Thereafter, the plaintiff, Alice P. Blakemore, on behalf of herself and others similarly situated, filed her complaint against the same defendants, seeking a declaration that the Cigarette Tax Act, as applied to her, contravenes rights granted her by the constitutions of this State and of the United States, as specifically set forth in her pleading. The two causes were consolidated. Defendants made separate motions to strike the respective complaints.

A decree was entered, conformably to section 57 of the Civil Practice Act, (Ill. Rev. Stat. 1947, chap. 110, par. 181,) (1) adjudging that section 1 of the Illinois Cigarette

Tax Act, to the extent it attempts to define a distributor of cigarettes as "Any person who, in any one calendar year, brings or causes to be brought into this State for consumption more than ten (10) cartons of original packages of cigarettes," confers no authority upon defendants to collect any tax from plaintiffs and (2) declaring the language quoted not only a violation of the due process clauses of the State and Federal constitutions in setting up arbitrary and unreasonable classifications and irrebuttable presumptions but, also, a violation of section 13 of article IV of our constitution in attempting to extend a tax of the type, and upon a group, not described in the title of the statute. Defendants prosecute this appeal.

Plaintiff Babcock, in the summer of 1947, purchased more than ten cartons of cigarettes outside this State by mail order solely for his own consumption. In like manner, plaintiff Blackmore made accommodation purchases for "a pool" of private consumers, consisting of friends and acquaintances. Admittedly, plaintiffs purchased the cigarettes, as defendants say, "for their own use and consumption and not for resale or distribution to friends or others."

In all material respects, the facts in the present case parallel those in *Johnson v. Daley, post,* 338. Defendants have filed identical briefs in both cases and assert that the single ultimate question presented for decision is the constitutional validity of section 1(3) of the Cigarette Tax Act.

*Johnson v. Daley, post,* 338, decided this day, holds that section 1(3) of the Cigarette Tax Act is unconstitutional and void. Our decision in the *Johnson case* is decisive of every contention advanced by defendants and argued by the parties to this appeal.

Upon the authority of *Johnson v. Daley, post,* 338, the decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*