THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. WILLIAM BENNETT, JR., Petitioner-Appellant.

(No. 57428;

First District—December 13, 1972.

Fred E. Schulz, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Ricky Petrone, and William Wolter, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County denying the defendant's motion for an evidentiary hearing and dismissing his petition for relief under the Post-Conviction Hearing Act. The defendant, William Bennett, Jr., was charged with attempted murder, aggravated battery and armed violence. On July 17, 1968, he pleaded guilty to two counts of aggravated battery and was sentenced to not less than four nor more than ten years in the Illinois State Penitentiary.

The defendant filed a petition for post-conviction relief on April 7, 1970, but was permitted to withdraw it pursuant to his motion. He filed a second petition on June 22, 1971. Counsel was appointed by the court, and an amended petition was filed. In this petition the defendant alleged that prior to pleading guilty, he was of the belief that the assistant public defender who represented him and the assistant state's attorney had agreed that in exchange for a plea of guilty to aggravated battery he

would receive a sentence of two to five years. He further stated that he pleaded guilty solely in reliance upon his attorney's promise that he would receive such a sentence.

The defendant also filed a motion for an evidentiary hearing, and the State moved to dismiss the petition on the grounds that the allegations contained in it failed to raise any constitutional questions or, in the alternative, that only bare allegations were made which were not sufficient to require a hearing. The motion came on for a hearing on February 15, 1972, and after hearing argument, the court denied the motion for an evidentiary hearing and granted the motion to dismiss the petition. This appeal followed. The sole issue on appeal is whether the trial court erred in dismissing the defendant's petition without an evidentiary hearing.

Section 1 of the Post Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1), provides that:

> "Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article. The proceeding shall be commenced by filing * * * a petition * * * verified by affidavit."

Section 2 provides that:

> "The petition shall have attached thereto affidavit, records, or other evidence supporting its allegations or shall state why the same are not attached."

In the present case, no supporting affidavit or other material was attached to the petition, nor was any attempt made to explain the absence of such material. Therefore the sufficiency of the petition must be judged on the basis of its contents alone.

■■ Numerous recent Illinois decisions have established the principle that an evidentiary hearing under the Post-Conviction Hearing Act is required only when the petition makes a substantial showing of the violation of constitutional rights. (*People v. Heaven*, 44 Ill.2d 249; *People v. Smith*, 44 Ill.2d 82; *People v. Rose*, 43 Ill.2d 273, 48 Ill.2d 300.) In *People v. Spicer*, 47 Ill.2d 114, the court held that "non-meritorious petitions may be dismissed without a hearing on the basis of what is contained in the petition and what is revealed in the record of the trial or other proceedings." In *Spicer*, as in the present case, the defendant's petition alleged that his plea of guilty had been induced by the promise, later unfulfilled, of a lighter sentence. In affirming the trial court's dismissal without an evidentiary hearing the Supreme Court stated:

> "[F]rom the record itself there is no doubt that defendant acted

"with full understanding at every stage of the proceedings and that he was not misled, coerced, or wrongfully induced to enter his guilty plea by any unfulfilled promise or otherwise. \* \* \* [I]t would seem incredible that any fact-finder would believe defendant if he now testified in support of his allegations, and his testimony would be of little, if any, value at an evidentiary hearing."

In the present case the defendant's petition alleged that he pleaded guilty to aggravated battery solely because of his belief that he would receive a sentence of two to five years according to the agreement between his attorney and the assistant state's attorney. The judge who held the hearing on the motions was the same judge who had accepted the defendant's guilty plea and sentenced him. He had the record of the original proceeding before him. That record reveals that when the defendant's attorney informed the court that the defendant desired to withdraw his plea of not guilty and plead guilty to aggravated battery the following colloquy occurred.

"The Court: All right, Mr. Bennett, your attorney advises me you wish to change your plea of not guilty to a plea of guilty. Is that correct?

The defendant: Yes, sir.

The Court: On two charges of aggravated battery. When you plead guilty, you automatically waive your right to a jury trial, do you understand that?

The defendant: Yes.

The Court: Before accepting your plea of guilty, it is my duty to advise you on your plea of guilty to the indictment of counts two and three which charge you with aggravated battery, you may be sent to the penitentiary for a term of years. It may be any number of years, not less than one year nor more than ten years. Do you still persist in your plea of guilty?

The defendant: Yes, sir."

■■ From this it is clear that the court explained to the defendant the consequences of pleading guilty, including the possibility of a sentence of "any number of years, not less than one year nor more than ten years." The defendant raised no objection to the court's statement of the possible sentence and persisted in his plea of guilty. Neither he nor his counsel raised any objection after the sentence was pronounced. Under these circumstances we believe that the record refutes the allegations contained in the petition that the plea was based solely upon the mistaken belief that a sentence of two to five years had been prearranged. For the defendant to have reiterated the allegations of the petition in an evi-

dentiary hearing would have added nothing of significance, and we hold that the court was correct in dismissing the petition without such a hearing.

The defendant has directed our attention to several cases in which an evidentiary hearing was required. We believe that they are distinguishable from the present case. In *People v. Washington,* 38 Ill.2d 446, the defendant stated why affidavits were not attached to his petition. In *People v. Wegner,* 40 Ill.2d 28, the defendant attached to his petition the affidavit of his mother, who stated that the defendant's privately retained counsel had told her that by prearrangement the defendant would receive a maximum sentence of 30 to 90 days in jail if he pleaded guilty. In fact the defendant received a sentence of one to four years in the penitentiary. In *People v. Williams,* 47 Ill.2d 1, the allegations of the petition, though unsupported, were not refuted by the record nor by the State.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

DIERINGER, P. J., and ADESKO, J., concur.