THOMAS G. O'LEARY, Plaintiff-Appellee, *v.* ROBERT H. ALLPHIN, Director of the Department of Revenue, *et al.,* Defendants-Appellants.

First District (3rd Division) No. 60856.

Opinion filed November 6, 1975.—Supplemental opinion filed upon denial of rehearing February 10, 1976.

224

William J. Scott, Attorney General, of Chicago (Jerrald B. Abrams, James B. Zagel, Thomas Connors, and Steven Rosenberg, Assistant Attorneys General, of counsel), for appellants.

Ditkowsky and Contorer, of Chicago (Kenneth K. Ditkowsky, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Thomas O'Leary, brought a class action against defendants Robert H. Allphin, Director of the Illinois Department of Revenue, Philip Mitchell, Chief Investigator of the Department of Revenue, and Burner Kellough and Jeffrey Kueltzo, agents. The trial court entered an injunction order restraining defendants from enforcing sections 453.9c and 453.18* of the Illinois Cigarette Tax Act (Ill. Rev. Stat. 1973, ch. 120, pars. 453.9c and 453.18) against individuals transporting cigarettes into Illinois for their own use and not for sale from any State in the United States. Section 9c inter alia prohibits the unauthorized transport into Illinois of tax-unstamped original packages containing more than 2,000 cigarettes in any single lot or shipment. Section 18 provides that agents of the Department of Revenue may make arrests and seizures as to violation of the Act committed in their presence. Defendants appeal.

Defendants contend that section 9c applies to any person transporting

---

* As designated in order and briefs. Hereinafter referred to as *paragraphs* 453.9c and 453.18 of chapter 120, 1973 Illinois Revised Statutes, and also as section 9c and 18 of the Cigarette Tax Act.

such cigarettes into Illinois, irrespective of whether they are for personal use or resale; and, in the alternative, if not applicable to persons transporting cigarettes for their own use, a presumption is created under the section that the transporting of more than 2,000 such cigarettes into Illinois is not for personal use but for resale.

On September 2, 1973, plaintiff was arrested by defendants Kellough and Kueltzo, agents of the Illinois Department of Revenue, and charged with the illegal transport into Illinois of more than 2,000 non-tax-stamped cigarettes in violation of section 9c of the Cigarette Tax Act. The agents were in street clothing and driving an unmarked car. They testified that they saw plaintiff make the purchase of cigarettes at the DeLux Cigarette Stand in Indiana, place them in the trunk of his car, then drive into Illinois, where his car was stopped and searched without a warrant by agents Kellough and Kueltzo. The trunk contained 27 cartons of tax-unstamped cigarettes. Plaintiff was arrested and directed to the Calumet City, Illinois, police station where his car and the cigarettes were seized, subject to confiscation and forfeiture under section 18 of the Act.

On March 12, 1974, plaintiff filed the instant class action complaint alleging that his arrest, the search of his car and the confiscation of his property were in violation of various provisions of the United States and Illinois Constitutions. It sought to enjoin defendants from prosecuting any person under the Cigarette Tax Act, being any member of the plaintiff class, who transported into Illinois unstamped cigarettes for their own personal use and not for resale, regardless of the quantity involved. Defendants filed an answer and plaintiff replied. Following a hearing, the trial court entered an injunction order on April 25, 1974, and an amended injunction order on May 9, 1974, *nunc pro tunc*, permanently restraining defendants and their agents from enforcing directly or indirectly paragraph 453.9c and paragraph 453.18, chapter 120 of Illinois Revised Statutes (sections 9c and 18 of the Cigarette Tax Act), against individuals transporting cigarettes into Illinois for their own use and not for sale from any State in the United States. The order included findings that the foregoing sections of the Cigarette Tax Act were constitutional, but unapplicable to persons transporting tax-unstamped cigarettes into Illinois for their own use and not for resale; that paragraph 453.9c was never intended by the legislature to apply to the transport of unstamped cigarettes for an individual's own use and not for resale, regardless of the quantity involved; that the Cigarette Tax Act was a revenue measure imposed only upon those engaged in the business of selling cigarettes in Illinois; and that the Department of Revenue itself had placed persons in the plaintiff's status outside the scope of the Act by issuing authorization permits under paragraph 453.9c only to persons engaged in the

business of selling cigarettes in Illinois. Oral arguments were consolidated for hearing with *People v. Richman*, 35 Ill.App.3d 231, —— N.E.2d ——.

The central question presented is the applicability of the Cigarette Tax Act in general, and in particular, whether the prohibition against the unauthorized transport into this State of unstamped cigarettes applies to individuals importing such cigarettes into Illinois for their own use and not for sale.

Paragraph 453.9c of chapter 120 of the 1973 Illinois Revised Statutes, being section 9c of the Act, provides in pertinent part:

" 'Transporter' means any person transporting into or within this State original packages of cigarettes which are not tax stamped as required by this Act, except:

(a) A person transporting into this State unstamped original packages containing a total of not more than 2000 cigarettes in any single lot or shipment;

(b) a licensed cigarette distributor under this Act;

(c) a common carrier;

(d) a person transporting cigarettes under Federal internal bond or custom control that are non-tax paid under Chapter 52 of the Internal Revenue Code of 1954, as amended;

(e) a person engaged in transporting cigarettes to a cigarette dealer who is properly licensed as a distributor under the Illinois Cigarette Tax Act or the Illinois Cigarette Use Tax Act, or under the laws of any other state, and who has in his possession during the course of transporting such cigarettes a bill of lading, waybill, or other similar commercial document which was issued by or for a manufacturer of cigarettes who holds a valid permit as a cigarette manufacturer under Chapter 52, Internal Revenue Code of 1954, as subsequently amended, and which shows that the cigarettes are being transported by or at the direction of such manufacturer to such licensed cigarette dealer.

Any transporter desiring to possess or acquire for transportation or transport upon the highways, roads or streets of this State more than 2000 cigarettes which are not contained in original packages that are Illinois tax stamped shall obtain a permit from the Department authorizing such transporter to possess or acquire for transportation or transport the cigarettes; and he shall have the permit in the transporting vehicle during the period of transportation of the cigarettes. The application for the permit shall be in such form and shall contain such information as may be prescribed by the Department. The Department may issue a permit for a

single load or shipment or for a number of loads or shipments to be transported under specified conditions.

Any cigarettes transported on the highways, roads or streets of this State under conditions which violate any requirement of this Section, and the vehicle containing such cigarettes, are subject to seizure by the Department, and to confiscation and forfeiture in the same manner as is provided for in Section 18a of this Act. Any such confiscated and forfeited property shall be sold in the same manner and under the same conditions as provided for in Section 21 of this Act, with the proceeds from any such sale being deposited in the State Treasury.

Any person who violates any requirement of this Section is guilty of a Class A misdemeanor.

Any transporter who, with intent to defeat or evade or with intent to aid another to defeat or evade the tax imposed by this Act, at any given time, transports 40,000 or more cigarettes upon the highways, roads or streets of this State under conditions which violate any requirement of this Section shall be guilty of a Class 4 felony."

Defendants' initial contention is that by including the phrase "any person" in the general definition of the term "transporter," the legislature intended that the provisions of paragraph 453.9c (section 9c of the Cigarette Tax Act) apply to all individuals who transport more than 2,000 tax-unstamped cigarettes into Illinois, regardless of whether or not they are engaged in the business of selling cigarettes within this State. Defendants argue that such interpretation is a practical necessity to prevent evasion of the revenue purposes of the Act. Notwithstanding that the interpretation now advanced is contrary to the prior policy of the Department of Revenue limiting authorization permits to transporters who are licensed cigarette dealers, we have considered the defendants' contention on its merit, and disagree.

■■ In their brief defendants admit that the Cigarette Use Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 453.31 *et seq.*) is the "alter ego" of the Cigarette Tax Act. However, the correct description of the legal relationship between the two acts is that they are *in pari materia* (*Granite City Steel Co. v. Department of Revenue* (1964), 30 Ill.2d 552, 198 N.E.2d 507), and must therefore be construed as though they were but one statute. (*Spring Hill Cemetery v. Ryan* (1960), 20 Ill.2d 608, 170 N.E.2d 619; *People ex rel. Nordstrom v. Chicago & North Western Ry. Co.* (1957), 11 Ill.2d 99, 142 N.E.2d 26.) In so construing together the two cigarette taxing enactments, we conclude that the trial court did not err

in holding that paragraph 453.9c was inapplicable to persons transporting tax-unstamped cigarettes into Illinois for their own consumption and not for resale, regardless of the quantity involved.

■■ The overall scheme of the two enactments is similar to that created by the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 440 *et seq.*) and the Use Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 439.1 *et seq.*). Both are designed to complement each other in operation so that total tax avoidance is not possible through the vehicle of interstate purchase. The Cigarette Tax Act, both in its title and in paragraph 453.2 which contains the taxing provision, purports to impose a tax upon persons who are engaged in business as retailers of cigarettes in Illinois (Ill. Rev. Stat. 1973, ch. 120, par. 453.2). As such, it was intended by the legislature as an occupation tax. (*Mutual Tobacco Co. v. Halpin* (1953), 414 Ill. 226, 111 N.E.2d 155.) On the other hand, the Cigarette Use Tax Act, both in its title and in paragraph 453.32 which contains the taxing provision, purports to impose a tax upon the privilege of *using* cigarettes in Illinois. (Ill. Rev. Stat. 1973, ch. 120, par. 453.32.) As such, it operates as a tax upon the ultimate user of cigarettes in this State, the consumer. *Johnson v. Halpin* (1952), 413 Ill. 257, 108 N.E.2d 429, *cert. denied*, 345 U.S. 923.

Paragraph 453.31, section 1 of the Cigarette Use Tax Act, defines the word "use" for the purposes of the Act as "the exercise by any person of any right or power over cigarettes incident to the ownership or posession thereof, other than the making of a sale thereof in the course of engaging in a business of selling cigarettes and shall include the keeping or retention of cigarettes for use." (Ill. Rev. Stat. 1973, ch. 120, par. 453.31.) Thereunder, the use tax imposed upon the consumer is to be collected by the cigarette distributor. (Ill. Rev. Stat. 1973, ch. 120, par. 453.33.) However, paragraph 453.42 provides in pertinent part:

"When cigarettes are acquired for use in this State by a person (including a distributor as well as any other person), who did not pay the tax herein imposed to a distributor, such person, within 3 days after acquiring such cigarettes, shall file with the Department a return declaring the possession of such cigarettes and shall transmit with the return to the Department the tax imposed by this Act." (Ill. Rev. Stat. 1973, ch. 120, par. 453.42(a).)

The Cigarette Use Tax Act makes no prohibition against the importation of tax-unstamped cigarettes by the ultimate consumer for his own use. On the contrary, the Act implicitly permits such importation by expressly providing that when cigarettes on which taxes are unpaid are acquired for use in this State, a declaration of possession must be filed and the

tax thereby imposed paid by the consumer within 3 days after acquiring such cigarettes. Defendants agree that the appropriate tax to be levied against one in the status of the instant plaintiff would be the cigarette use tax. However, defendants argue that paragraph 453.9c (section 9c of the Cigarette Tax Act), under which O'Leary was arrested and charged, is not a taxing measure in itself but a necessary aid in the enforcement of the taxing provisions in other sections of the Act. Thus, it is contended that an individual, importing in excess of 2,000 unstamped cigarettes for his own use, would incur a tax liability under the Cigarette Use Tax Act and also a criminal liability under paragraph 453.9c (section 9c of the Cigarette Tax Act). The Cigarette Tax Act and the Cigarette Use Tax Act expressly levy different taxes upon separate and distinct classes of taxpayers, namely, cigarette retailers and consumers of cigarettes. The legislative purpose was not to enact two revenue measures of conflicting applicability upon the same class of taxpayer, but rather, to enact related revenue measures which are complementary to each other in operation.

■■ The cardinal rule of statutory construction is that a statute is to be construed *so as to give effect to the legislative intent embodied therein.* (*Tan v. Tan* (1972), 3 Ill.App.3d 671, 279 N.E.2d 486.) Once that legislative intent has been determined, a court may construe the statute in *such manner as to supply a missing, palpably overlooked word or words in order that a material aspect of the statute's purpose may be effectuated.* (*People ex rel. Cason v. Ring* (1968), 41 Ill.2d 305, 242 N.E.2d 267.) In the instant case, we therefore do no more than make explicit what we believe had formerly been implicit in the general definition of "transporter" in paragraph 453.9c (section 9c of the Cigarette Tax Act) by limiting definition to persons engaged in the business of selling cigarettes in this State. That is, a transporter, as generally defined therein, is any person who is engaged in the business of selling cigarettes in this State, who transports into or within this State original packages of cigarettes which are not stamped as required by the Cigarette Tax Act. Under such construction, an individual who imports tax-unstamped cigarettes for his own use, regardless of quantity, is not subject to the provisions of the Cigarette Tax Act, but instead is subject to the provisions of the Cigarette Use Tax Act and the tax thereunder.

■■■ Defendants contend, in the alternative, that even if paragraph 453.9c (section 9c of the Cigarette Tax Act) only applies to persons engaged in the business of selling cigarettes in this State, the legislature intended that under subsection (a) thereof, anyone transporting more than 2,000 unstamped cigarettes shall be presumed to possess such cigarettes

not for his own use but for resale. The case of *Johnson v. Daley* (1949), 403 Ill. 338, 86 N.E.2d 350, is dispositive of this contention. There the Cigarette Tax Act was amended in 1943 to include within the definition of "distributor" any person who in one calendar year brings into this State for consumption more than 10 cartons of original packages of cigarettes which are not tax stamped. The court held the amendment invalid for several reasons, not the least of which being that it constituted an unreasonable classification with no foundation in fact and hence violative of the Due Process Clause of the Fourteenth Amendment. Here, defendants' alternative contention would also create an unreasonable classification with no foundation in fact, and therefore fails on the same grounds.

Accordingly, the importation order entered by the circuit court of Cook County is affirmed.

Affirmed.

DEMPSEY and McNAMARA, JJ., concur.

SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendants have filed a petition for rehearing or modification and request this court to clarify a portion of the opinion rendered herein. Defendants on appeal had raised as an alternative contention that section 9c of the Cigarette Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 453.9c) created a presumption that any person transporting into Illinois more than 2,000 tax unstamped cigarettes did so with the intent of using such cigarettes for resale purposes. Our opinion held that a presumption of this nature would violate the due process clause of the Fourteenth Amendment as an unreasonable classification having no supporting foundation in fact. Defendants now assert that the opinion leaves unclear whether the quantity of tax unstamped cigarettes transported into Illinois can give rise to a permissible inference, either by itself or in combination with other factors, that the importing individual acted with the intent of reselling such cigarettes.

No clarification is deemed necessary. The portion of the opinion in question was limited to rejecting the propriety of a binding presumption arising from the quantity of tax unstamped cigarettes transported into Illinois. The issue of whether a permissible inference can arise from either the mere quantity of tax unstamped cigarettes transported, or any other factual circumstance, was not addressed by this court. Conceiv-

ably, such factual matters may be relevant in a given case to determine the intent for which such tax unstamped cigarettes are transported into this State. However, our decision should not be construed as passing upon any issue other than the defendants' contention that a legal presumption was created under the statute as proof of an individual's intent to use the cigarettes for resale.

Defendants' petition is denied. The order entered by the circuit court of Cook County is affirmed in accordance with our original opinion.

Affirmed.

DEMPSEY and McNAMARA, JJ., concur.