THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* IRVING RICHMAN, Defendant-Appellant.

First District (3rd Division) No. 60918

Opinion filed November 6, 1975.

Ditkowsky and Contorer, of Chicago (Kenneth K. Ditkowsky, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Jerrald B. Abrams, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant, Irving Richman, pleaded guilty to a charge of possessing, with the intent to sell, unstamped cigarettes in violation of the Illinois Cigarette Tax Act, and was fined $1,000 (Ill. Rev. Stat. 1973, ch. 120, par. 453.24(a)). His post-conviction petition under article 122 of the Code of Criminal Procedure of 1963 was denied without an evidentiary hearing. (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*) Defendant appeals.

Defendant contends on appeal that the trial court erred in denying the petition in that (1) defendant was not engaged in the business of selling cigarettes in Illinois; (2) the Cigarette Tax Act, if applicable, is unconstitutional; (3) the guilty plea agreement was breached by the State; (4) the search of his vehicle was illegal; and (5) the prosecution was barred by a certain class action injunction.

On March 7, 1973, Officers Motta and Berry of the Illinois Department

of Revenue, pursuant to an informant's tip that an individual named Irving Richman was selling unstamped cigarettes out of a station wagon, went to a C.T.A. parking lot at 3112 West Foster Avenue in Chicago. There they observed defendant transfer cigarette cartons from the rear of a station wagon to other persons in exchange for money. After Officer Motta determined that the cigarettes remaining in the station wagon were unstamped, he placed defendant under arrest and advised him of his rights. The officers seized 84 cartons of unstamped cigarettes from the vehicle.

Prior to trial, defendant moved to suppress, alleging that the cigarettes were seized in a warrantless search, without probable cause and without consent. On April 12, 1973, Officers Motta and Berry and the defendant testified on the motion. The trial court reserved ruling on the motion until the close of the prosecution's case-in-chief as to whether defendant had consented to the search. The cause was then continued from time to time until January 25, 1974.

When proceedings were resumed on that date, defendant first advised the trial court, through private counsel, that he wished to withdraw his plea of not guilty, waive a jury trial, and enter a plea of guilty to the charge. Upon direct inquiry by the court defendant stated that he had no questions concerning the possible penalties that could be imposed under the statute with which he was charged. After the prosecutor had read into the record the factual basis for the charge, the court accepted the guilty plea and imposed a $1,000 fine as recommended by the prosecutor. The recommended fine was in accordance with the plea agreement.

On May 7, 1974, defendant filed the instant petition for post-conviction relief to vacate the fine and finding of guilty. He alleged in substance that he was a C.T.A. bus driver and had no other occupation; that the search of his vehicle was illegal and without a warrant; that the unstamped cigarettes seized had been purchased by him and a group of 63 witnesses; that the State obtained continuances for 9 months until witnesses could not appear; that his plea agreement was breached because the Department of Revenue had assessed an additional $18,000 penalty against him; that his prosecution was barred by an injunction entered in the case of *O'Leary v. Allphin*, 35 Ill.App.3d 223, —— N.E.2d —; and that after the $18,000 assessment, Officer Motta told defendant, in the presence of his counsel, that in any later proceedings concerning the assessment he would testify that the unstamped cigarettes were just thrown into defendant's vehicle and that he did not own them. Defendant's petition was not supported by affidavits or other proof, and was denied on June 25, 1974, without a hearing of evidence.

Section 122—2 of the Code of Criminal Procedure of 1963 provides that a post-conviction petition shall have attached affidavits, records or other supporting proof or shall state why such proof is not attached. (Ill. Rev. Stat. 1973, ch. 38, par. 122—2.) Defendant's petition has no attached proof or statement. Therefore, the sufficiency of the petition can only be determined on the basis of its contents alone. *People v. Bennett* (1972), 9 Ill.App.3d 332, 292 N.E.2d 159.

■■ The defendant initially contends that the Cigarette Tax Act does not apply since it was uncontroverted that he was not engaged in the "business" of selling cigarettes in Illinois. It is not clear whether this contention is predicated upon an asserted lack of factual foundation or upon an erroneous interpretation of the Cigarette Tax Act. In either case, the contention is not properly raised in a post-conviction proceeding. Upon a post-conviction hearing, relief is limited to errors which result in a substantial deprivation of constitutional rights. (Ill. Rev. Stat. 1973, ch. 38, par. 122.1.) Such remedy does not provide an opportunity for redetermination of guilt or innocence, nor does it permit a challenge to an alleged error in statutory interpretation. In either instance, there is no substantial deprivation of a constitutional right involved. *People v. Orndoff* (1968), 39 Ill.2d 96, 233 N.E.2d 378; *People v. Radford* (1972), 53 Ill.2d 120, 290 N.E.2d 212.

Defendant next contends that the Cigarette Tax Act, if applicable, is unconstitutional. This contention need not be reached since defendant's petition does not challenge the constitutionality of the Cigarette Tax Act. Under the post-conviction provisions, any claim of a substantial deprivation of a constitutional right which is not raised in the original or amended petition is waived. Ill. Rev. Stat. 1973, ch. 38, par. 122—3; *People v. Williams* (1972), 52 Ill.2d 466, 288 N.E.2d 353.

Defendant also contends that the plea agreement was breached by the State. In the petition he alleged that a fine of $1,000 was agreed upon by the parties; that such fine was recommended to the trial court and imposed; and that subsequently the Department of Revenue made an additional assessment of $18,000 against him. The record of the original proceeding does not support this contention. The plea agreement concerning the recommended $1,000 fine was entered into by the parties only as to the criminal charge then pending against defendant under section 24(a) of the Cigarette Tax Act, which is a Class A misdemeanor. Ill. Rev. Stat. 1973, ch. 120, par. 453.24(a).

■■ Section 18b of the Cigarette Tax Act additionally provides that any one possessing cigarettes contained in original packages which are not tax-stamped shall be liable to pay to the Department (of Revenue) for deposit in the State Treasury, a penalty of $10 for each such package

of cigarettes in excess of 100 packages. Such penalty may be recovered by the Department in a civil action. (Ill. Rev. Stat. 1973, ch. 120, par. 453.18b.) The Department has the authority, upon appropriate findings, to assess a penalty, recoverable in a civil proceeding. (*Department of Revenue v. Jamb Discount* (1973), 13 Ill.App.3d 430, 301 N.E.2d 23.) The fine imposed herein is separate and distinct from the civil penalty. The contention that the plea agreement was entered with the intent to preclude the Department of Revenue from pursuing civil administrative remedies against defendant is not supported by the record.

In his brief, defendant has further argued that his guilty plea was accepted by the trial court without complying with Supreme Court Rule 402 requiring that before a guilty plea is accepted the trial court must make certain admonishments to the accused, determine that the plea is voluntary, and that there exists a factual basis for the plea. (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(b)(c).) Once again, no allegation was made in defendant's petition on any of the arguments now presented. These points are therefore waived. Ill. Rev. Stat. 1973, ch. 38, par. 122—3.

■■■ Defendant contends that the search of his vehicle by Officer Motta was in violation of his rights under the Fourth Amendment of the United States Constitution. Although defendant originally filed a motion to suppress, he later withdrew his previous plea of not guilty and entered a guilty plea without obtaining a ruling on the initial motion. The responsibility for obtaining a timely ruling was upon the defendant, and that was before the change of plea was made and accepted. In *People v. Somerville* (1969), 42 Ill.2d 1, 245 N.E.2d 461, the defendant challenged the constitutionality of a vehicle search in a post-conviction petition, but had not previously filed a motion to suppress and had not raised the issue at trial. There, the court held that the claim of an unconstitutional search was untimely when raised for the first time in a post-conviction petition. We believe that the holding in *Somerville* is analogous to defendant's contention in the instant case, and that his failure to pursue a ruling on his motion to suppress renders the claim of an unconstitutional search untimely when raised for the first time in the post-conviction petition.

■■ Defendant finally contends that his prosecution was barred by an injunction entered by the circuit court of Cook County in *O'Leary v. Allphin*. While it is doubtful whether defendant's allegation rises to the level of a claim of substantial deprivation of a constitutional right, the contention itself is without merit. The Cigarette Tax Act prohibits the unauthorized transport into Illinois of unstamped cigarettes in excess of 2,000 cigarettes (Ill. Rev. Stat. 1973, ch. 120, par. 453.9c). *O'Leary* involved a class action in which the trial court enjoined the Department

of Revenue and its agents from enforcing the section of the Act against the class, individuals transporting into Illinois unstamped cigarettes for their own personal consumption and not for sale. In the instant case, defendant was not charged with illegally transporting unstamped cigarettes into the State for his own personal consumption; rather, he was charged under an entirely different section of the Act with possessing, with the intent to sell, unstamped cigarettes. Clearly, defendant's prosecution did not fall within the scope of the injunction entered in *O'Leary*.

Upon review of the entire record presented to this court, we conclude that the instant petition is insufficient to warrant an evidentiary hearing or the relief requested. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DEMPSEY and McNAMARA, JJ., concur.