JOHN L. GONZALES, Plaintiff-Appellee, Cross-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellant, Cross-Appellee.

First District (5th Division) Nos. 61171, 61369 cons.

Opinion filed May 28, 1976.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellant.

Louis V. Kiefor, of Calumet City, for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal, brought pursuant to the provisions of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*), plaintiff challenges the enforcement of section 9c of the Illinois Cigarette Tax Act (the Act) (Ill. Rev. Stat. 1973, ch. 120, par. 453.9c), which prohibits *inter alia* the transportation into Illinois of more than 2,000 cigarettes which are not tax-stamped in any single lot or shipment.

The record reflects that plaintiff was arrested and charged with having transported 150 packages of cigarettes (3,000 in number) into Illinois, in violation of section 9c of the Act. The Department of Revenue conducted a hearing, at which its investigator testified that he saw plaintiff purchase cartons of cigarettes in Indiana and place them in the trunk of an automobile. He stopped the car in the State of Illinois and, upon examination, found 150 packages of cigarettes which bore no tax stamps. He then seized the cigarettes and the automobile and placed plaintiff under arrest.

Plaintiff and his wife testified that they were preparing to leave on vacation and they drove into Indiana, where he purchased five cartons of one brand of cigarettes for himself, five of another brand for his wife, and the remaining five of a third brand for his sister, who was going on the vacation with them and had given him $20 for the purchase. When he returned to the car, he told his wife he had purchased her cigarettes. Plaintiff and his sister both testified that as the cigarettes would cost only $15.75, he had given her $4.25 in change prior to the purchase. After this testimony, the Department investigator was recalled and stated that there was no conversation with plaintiff as to the ownership of the cigarettes at the time of the arrest.

The hearing officer concluded that the defense of divided ownership of the 15 cartons had been a recent fabrication and ruled that plaintiff was transporting an illegal number of cigarettes into the State of Illinois in violation of the Act. He assessed a penalty of $500 and ordered the forfeiture of the cigarettes and plaintiff's automobile.

Plaintiff then filed a complaint for administrative review. In this action, the trial court affirmed the decision of the Department "as not being against the manifest weight of the evidence" and further found that the definition of transporter, in section 9c of the Act, was reasonable and not in violation of due process. However, the trial court reversed the fine as being unreasonable and ordered the automobile and cigarettes to be returned to plaintiff.

Defendant appeals from those portions of the trial court's order which reversed the fine and ordered the return of the automobile and cigarettes. Plaintiff cross-appeals from that portion of the order which affirmed the decision of the Department and found the definition of transporter to be reasonable and constitutionally proper.

Although plaintiff contests the constitutionality of the Cigarette Tax Act on appeal, we need discuss only the dispositive question of whether plaintiff was a transporter within the meaning of the Act.

OPINION

Section 9c of the Act defines a "transporter" as follows:

" 'Transporter' means any person transporting into or within this State original packages of cigarettes which are not tax stamped as required by this Act, except:

(a) A person transporting into this State unstamped original packages containing a total of not more than 2000 cigarettes in any single lot or shipment."

In its brief, defendant contends that when a person transports an illegal number (over 2,000) of cigarettes which are not tax-stamped into this State, he is in violation of the Act, whether he is a consumer or retailer. It

argues that the trial court properly affirmed the decision of the Department, because "the evidence adduced at the administrative hearing in the instant case clearly demonstrated that plaintiff had purchased and was transporting fifteen cartons of unstamped cigarettes in his automobile and, therefore, was in violation of §453.9c of the Cigarette Tax Act." It asserts that because the penalties were provided for in the Act and were constitutionally permissible, the trial court improperly found that the $500 assessment, as well as the forfeitures of the car and the cigarettes, were arbitrary, capricious and unreasonable.

In his brief, plaintiff contends that the Act applies only to retailers and, because the evidence discloses that he was a consumer, the Act did not apply to him. Thus, he reasons, he could not be a violator even though he was a transporter.

Subsequent to the filing of the briefs and before oral arguments, another division of this court held in *O'Leary v. Allphin*, 35 Ill. App. 3d 223, 229, 341 N.E.2d 143, that "* * * an individual who imports tax-unstamped cigarettes for his own use, regardless of quantity, is not subject to the provisions of the Cigarette Tax Act * * *." The rationale underlying this holding was a recognition that the intent of the Act was to tax those who engage in the business of selling cigarettes in this State but not to tax consumers. Accordingly, the court construed the definition of transporter in section 9c as limited to "persons engaged in the business of selling cigarettes in this State." 35 Ill. App. 3d 223, 229.

■■ We are entirely in accord with the *O'Leary* holding—that consumers are not subject to the Act. The Department, however, has raised the contention during oral argument that the facts here are distinguishable because plaintiff there was a consumer; whereas, it argues, plaintiff here is a retailer. It bases this contention on the fact that plaintiff purchased cigarettes not only for himself but for his wife and sister.

The Act (Ill. Rev. Stat. 1973, ch. 120, par. 453.1) defines a retailer as follows:

> " 'Retailer' means any person who engages in the making of transfers of the ownership of, or title to, cigarettes to a purchaser for use or consumption and not for resale in any form, for a valuable consideration.
>
> 'Retailer' shall be construed to include any person who engages in the making of transfers of the ownership of, or title to, cigarettes to a purchaser, for use or consumption by any other person to whom such purchaser may transfer the cigarettes without a valuable consideration."

The Department argues that because this definition does not require that a person be engaged in the business of selling cigarettes, the conduct of plaintiff here comes within its literal parameters.

We regard this argument as a feeble attempt to escape the reach of *O'Leary*, and we see no merit in it. In the first instance, the definitions section of the Act does not purport to impose a tax. This is done by section 2, which provides that "a tax is imposed upon any person engaged *in business* as a retailer of cigarettes * * *." (Ill. Rev. Stat. 1973, ch. 120, par. 453.2.) (Emphasis added.) Thus, it is apparent that the Act is inapplicable to plaintiff as, from our review of the record, he was unquestionably not engaged in the business of selling cigarettes.

■■ Secondly, to be a retailer as defined in the Act, a person must receive "valuable consideration." The undisputed evidence is that plaintiff's sister gave him $20 to purchase five cartons of cigarettes which cost $15.75 and that he returned the $4.25 balance to her prior to the purchase for her. The record does not reflect whether his wife paid plaintiff any of the money for the purchase on her behalf. In any event, there is no evidence that plaintiff received any valuable consideration for the cigarettes, and it is apparent that he was merely an accommodation purchaser. See *Babcock v. Elliott*, 403 Ill. 329, 86 N.E.2d 354.

It is our conclusion then that as a matter of law plaintiff was a consumer and, as such, was not subject to the provisions of the Act. *O'Leary*.

In view of this holding, it will not be necessary to pass on the constitutional questions raised by plaintiff.

For the reasons stated, the portion of the trial court order which upheld the decision of the Department that plaintiff was in violation of the Cigarette Tax Act is reversed, and the portion of the order requiring the Department to return plaintiff's car and cigarettes to him is affirmed.

Affirmed in part. Reversed in part.

BARRETT and DRUCKER, JJ., concur.